'(May 29, 1926.)

## WILLIAM J. TURNER, Appellant, v. FIRST NATIONAL BANK OF BANCROFT, a Corporation, Respondent.

### [248 Pac. 14.]

CONTRACTS—MOTION FOR NONSUIT AND DIRECTED VERDICT—MOTION FOR NEW TRIAL—SUFFICIENCY OF GROUNDS—DISCRETION OF COURT.

1. Motion for nonsuit and for directed verdict in action on oral contract are properly denied, where there was conflict in testimony as to terms of contract.

2. Motion for new trial on grounds of insufficiency of evidence, and error in denying nonsuit or directed verdict, is sufficient to authorize court to act thereon, particularly in view of C. S., sec. 6893, authorizing court to set verdict aside on its own motion in certain cases.

3. If any of grounds specified in motion for new trial exist, or court believes verdict of jury was not in accord with great weight of evidence, grant of new trial is not error.

4. Unless it affirmatively appears that trial court abused its discretion, order granting new trial will not be disturbed.

#### ON PETITION FOR REHEARING.

5. Trial court is not precluded from granting new trial because it was moved for on ground on which court was empowered to grant new trial on its own motion under C. S., sec. 6893.

598 Turner v. First Nat. Bank of Bancroft. [42 Idaho,

Argument for Appellant.

6. Order granting new trial will not be reversed on appeal, if it can be justified on any of grounds on which motion was made.

APPEAL from the District Court of the Fifth Judicial District for Bannock County. Hon. Robert M. Terrell, Judge.

Suit by William J. Turner against First National Bank of Bancroft for a money judgment. Judgment for plaintiff. Appeal from order granting new trial. *Affirmed.*

Peterson & Coffin, for Appellant.

"Where a motion for a new trial has been made on several grounds and the trial court grants the same without designating a ground upon which the order is made, the order will not be disturbed on appeal if it could have properly been granted upon any ground mentioned in the motion." (*Penninger Lateral Co. v. Clark,* 20 Ida. 166, 117 Pac. 764.)

The rule is established in Idaho that where the record shows a conflict in evidence, the action of the lower court in granting a new trial will not be disturbed upon appeal, in the absence of abuse of discretion by the lower court. (*Jones v. Campbell,* 11 Ida. 752, 84 Pac. 510; *Buckle v. McConaghy,* 12 Ida. 733, 88 Pac. 100; *Wolfe v. Ridley,* 17 Ida. 173, 20 Ann. Cas. 39, 104 Pac. 1014; *Say v. Hodgin,* 20 Ida. 64, 116 Pac. 410; *Penninger Lateral Co. v. Clark, supra; Buster v. Fletcher,* 22 Ida. 172, 125 Pac. 226; *Cox v. Cox,* 22 Ida. 692, 127 Pac. 679; *Baillie v. City of Wallace,* 22 Ida. 702, 127 Pac. 908.)

Publisher's Note.

1. See 26 R. C. L. 1068.
4. See 2 R. C. L. 217.
5. Granting new trial on court's own motion, see notes in 40 L. R. A., N. S., 295; 14 Ann. Cas. 65. See, also, 20 R. C. L. 300.

See Appeal and Error, 4 C. J., sec. 2816, p. 833, n. 57.
Contracts, 13 C. J., sec. 1032, p. 797, n. 56.
New Trial, 29 Cyc., p. 821, n. 36; p. 942, n. 89.

"A new trial ought not to be granted unless a verdict is very clearly and decidedly against the weight of evidence." (*Bartholomew v. Clark,* 1 Conn. 472; *Edwards v. O'Brien,* 2 Wyo. 493.)

Merrill & Merrill, for Respondent.

A conflict in the evidence must be real and where the testimony of one witness is contradicted by all other testimony and by the physical facts there is no conflict. (*Zibbell v. Southern Pac. R. Co.,* 160 Cal. 237, 116 Pac. 513; *Hook v. Missouri Pac. R. Co.,* 162 Mo. 569, 63 S. W. 360; *Lind v. Closs,* 88 Cal. 6, 25 Pac. 972; 2 Spelling on New Trial, sec. 678.)

This is a case in which the trial court might properly exercise its discretion and even if we grant there is a conflict in the evidence on all points (which we deny), the appellate court will not disturb the order of the trial court which grants a new trial. (*Seamons v. Davis,* 34 Ida. 393, 201 Pac. 716; *Love v. McDonnell,* 65 Mont. 482, 211 Pac. 211; *Brush v. Pacific Electric R. Co.,* 58 Cal. App. 501, 208 Pac. 997; *City of Tacoma v. Olympia Door Co.,* 121 Wash. 404, 209 Pac. 836.)

To warrant the appellate court in setting aside an order granting a new trial made by the trial court, there must be an "abuse of discretion," and this means that considering all of the circumstances it must appear that the trial court exceeded all bounds of reason and acted arbitrarily and without warrant in law. (*Root v. Bingham,* 26 S. D. 118, 128 N. W. 132.)

ADAIR, District Judge.—This is an action by plaintiff against defendant to recover a definite sum of money alleged to be due plaintiff from defendant on an oral contract entered into between said parties. The case was tried by a jury. A motion for a nonsuit was denied, and at the conclusion of the introduction of evidence, a motion for a directed verdict for defendant was also overruled and denied. The jury returned a verdict for plaintiff for the

amount claimed and in apt time defendant presented its motion to set aside the verdict and the judgment entered thereon, and for a new trial. This motion was predicated upon two grounds, which, briefly stated, were in effect: (1) Insufficiency of the evidence, in that there was no competent evidence and no substantial conflict in the evidence, and the evidence as a whole conclusively shows that the verdict had been rendered under the influence of passion and prejudice; (2) errors in law occurring at the trial, namely, error of the court in denying the motions for nonsuit and for a directed verdict.

The court, without specifying any reasons therefor, duly ordered that the motion for a new trial be granted, and this appeal is prosecuted from that order.

The record discloses no errors committed by the trial court, during the trial of said cause, prejudicial to either party. There was just one simple issue involved and submitted to the jury. Counsel in their respective opening statements and in the presentation of the evidence entirely agreed as to this issue and directed their efforts and confined their testimony to its elucidation. The instructions of the court clearly defined said issue and limited the jury to the consideration of that single matter of controversy. Plaintiff testified to the terms of a certain oral contract, which he alleged was made by him with defendant. In this contention he was partially corroborated by one other witness who had no interest in this cause. On the other hand, five of the directors of defendant corporation, and another disinterested witness, flatly contradicted plaintiff and positively testified to an entirely different contract. Notwithstanding the fact that the witnesses stood, numerically at least, three to one favoring defendant, the jury returned a verdict for plaintiff.

[1] Appellant contends that the grounds specified in the motion for a new trial were insufficient in that there was a substantial conflict in the evidence, and no showing made that the jury was actuated by passion or prejudice. Respondent urged that a conflict in the evidence must be real

and where the testimony of one witness is contradicted by all the ' other testimony and by the physical facts there is no conflict, citing several cases which possibly support such a theory. In the instant case, however, we think there was a real and positive conflict in the testimony, and that the trial court correctly denied the motion for a nonsuit and also the motion for a directed verdict. [2] We conclude, that in this particular case, the grounds specified in the motion for a new trial were broad enough in their terms to authorize the court to act thereon and to determine the right of defendant to the relief prayed for. C. S., sec. 6893, expressly authorizes the trial court to set aside a verdict upon its own motion, if there has been a plain disregard of the evidence and a miscarriage of justice. We cannot determine from the record upon what particular ground the court relied in granting this motion. [3] No error occurred if any of the grounds specified in the motion existed, or if the court believed that the verdict of the jury was not in accord with the great weight of the evidence, and that the ends of justice would be subserved by vacating the same.

In *Say v. Hodgin,* 20 Ida. 64, 116 Pac. 410, this court said:

"The trial judge sees the witnesses on the witness stand, observes the manner of their testifying, notes their apparent candor or fairness, or the want of it; hears the argument of counsel, and, in short, is in possession of many sources of information valuable in an inquiry as to whether justice has miscarried or not, and which cannot be made to appear in the record of the case which comes to the appellate court; and appreciating such fact, appellate courts have so frequently held, that it may be announced as settled law, that trial courts possess a discretion to be exercised wisely in the granting or refusal of new trials, and that such discretion will not be by the appellate court disturbed unless it manifestly and clearly appears to have been exercised unwisely and to have been manifestly abused."

[4] This court has repeatedly held that, unless there affirmatively appears to have been a clear abuse of discretion it will not disturb an order of the trial court granting a new trial. (*Jones v. Campbell,* 11 Ida. 752, 84 Pac. 510; *Buckle v. McConaghy,* 12 Ida. 733, 88 Pac. 100; *Wolfe v. Ridley,* 17 Ida. 173, 104 Pac. 1014; *Penninger Lateral Co. v. Clark,* 20 Ida. 166, 117 Pac. 764; *Baillie v. City of Wallace,* 22 Ida. 702, 127 Pac. 908; *Seamons v. Davis,* 34 Ida. 393, 201 Pac. 716.)

That a trial court abused its discretion, in effect, means that such court exceeded all bounds of reason and acted arbitrarily and without warrant in law, considering all of the circumstances of the particular case. When it fairly appears that the trial court has exercised a legal and not an arbitrary discretion, in keeping with the spirit of the law, and in such manner as will promote rather than impede or defeat the ends of justice, it must be held, on appeal, that the discretion vested in that court has been properly exercised and that there has been no abuse of such discretion.

From an examination of the record we find no evidence that the court below acted without sufficient cause in vacating the verdict and judgment based thereon and in granting a new trial, and its order is affirmed, with costs to respondent.

William A. Lee, C. J., Wm. E. Lee, Givens and Taylor, JJ., concur.

### (July 31, 1926.)

#### ON PETITION FOR REHEARING.

TAYLOR, J.—The petition for rehearing concedes that the court could grant a new trial upon its own motion, but contends that we are precluded from considering grounds or reasons which would support such an order, as supporting the instant order, because it recited that "defendant's motion" be granted, although that motion contained a speci-

fication of a ground upon which the court could have granted a new trial without any motion. One of the grounds of the motion was: (1) "Insufficiency of the evidence to justify the verdict, particularly in this: . . . . (c) The evidence as a whole is such as to conclusively show that the same was rendered under the influence of passion and prejudice."

C. S., sec. 6893 empowers the court to grant a new trial "on its own motion, without the application of either of the parties when there has been such a plain disregard by the jury of the instructions of the court, or the evidence in the case, as to satisfy the court that the verdict was rendered under . . . . the influence of passion or prejudice."

[5] Such an order may be appealed from, and the appellant in this case cannot seriously contend that, with this power, the court would be precluded from granting a new trial because it was moved for upon this ground, in which case the appellant had an opportunity to be heard and argue the point, where it might have been granted without any opportunity to be heard or argued.

[6] An order granting a new trial will not be reversed on appeal if it can be justified upon any of the grounds upon which the motion was made. (4 C. J., p. 1130, sec. 3123, p. 1132, sec. 3125; *Tweedale v. Barnett,* 172 Cal. 271, 156 Pac. 483.) We cannot say that the verdict was so in accord with the evidence, and the evidence to the contrary such that no view of it could justify the court in concluding, as it may have done, that there had been "such a plain disregard by the jury of . . . . the evidence in the case, as to satisfy the court that the verdict was rendered . . . . under the influence of passion or prejudice," having in mind all of the other matters which the court may have properly considered in passing upon the motion, such as the demeanor of the witnesses, their apparent candor or fairness or the want of it, the argument of counsel, "in short," the "many sources of information valuable in an inquiry as to whether justice has miscarried or not." (*Say*

*v. Hodgin,* 20 Ida. 64, 68, 116 Pac. 410, 411.)   We cannot, therefore say that the court abused its discretion.

A rehearing is denied.

William A. Lee, C. J., and Wm. E. Lee and Givens, JJ., concur.