[Civ. No. 5204. First Appellate District, Division One.—July 26, 1927.]

NELLIE PIERCE BECKLEY, Appellant, v. THEODORE HARRIS, Respondent.

Griffith Jones and John J. Craig for Appellant.

Jud R. Rush and Wm. B. Beirne for Respondent.

CASHIN, J.—An appeal from an order granting a new trial. An action for slander was brought by appellant in which a jury returned a verdict against respondent in the sum of $2,000.

The latter moved for a new trial on several grounds, among which were that the evidence was insufficient to justify the verdict, that the damages awarded were excessive and the verdict given under the influence of passion and prejudice. An order denying the motion was entered as follows: "The motion for a new trial coming on for hearing, the court stated that if plaintiff will consent to reduce the verdict to $500 as punitive damages and $50 as compensatory damages, and plaintiff not consenting to that reduction of the verdict, whereupon it is ordered that motion for new trial be and is hereby granted upon all the grounds stated in the notice of intention to move for a new trial in the files and minutes of the court."

It appears to be conceded by counsel that none of the grounds for a new trial specified in the notice of intention other than those mentioned above was urged at the hearing, and it is contended by appellant that the evidence fully sustains the verdict, and that nothing appears from the

record that supports the conclusion that the verdict was excessive or given under the influence of passion or prejudice.

■ That the court had the power to make a conditional order granting a new trial unless the plaintiff should remit a portion of the damages is well settled (*Domico* v. *Casassa*, 101 Cal. 411 [35 Pac. 1024]; *Bentley* v. *Hurlburt*, 153 Cal. 796–803 [96 Pac. 890]), and while a new trial should not be granted for excessive damages unless so excessive as to indicate that the verdict was given under the influence of passion or prejudice, its action thereon will not be disturbed on appeal unless it clearly appears that its discretion was abused (*Sherwood* v. *Kyle*, 125 Cal. 652 [58 Pac. 270]).

■ It is not, however, to be assumed that such order was made on the ground that passion and prejudice influenced the verdict, and where the record does not disclose the ground of the conditional order it may be sustained on any ground assigned. (*Swett* v. *Gray*, 141 Cal. 63 [74 Pac. 439].) ■ Here the precise ground on which the order was based does not appear, but having been granted on all the grounds set forth in the notice of intention, one of which was the insufficiency of evidence to justify the verdict, the order substantially complied with the requirements of section 657 of the Code of Civil Procedure, and supports the conclusion that this was one of the grounds on which the motion was granted (*Marr* v. *Whistler*, 49 Cal. App. 364 [193 Pac. 600]). ■ Although a motion for a new trial on this ground may properly be refused if there is a substantial conflict in the evidence, the trial court is not bound by the rule as to conflicting evidence (*Pollitz* v. *Wickersham*, 150 Cal. 238 [88 Pac. 911]), and it is may grant the motion if it is satisfied that the verdict is not supported by or contrary to the evidence, although the evidence is conflicting, and its order is conclusive on appeal in the absence of an abuse of discretion (*Gordon* v. *Roberts*, 162 Cal. 506 [123 Pac. 288]).

■ After a careful review of the evidence we are unable to say that the trial court in granting the motion abused its discretion.

The order is affirmed.

Tyler, P. J., and Knight, J., concurred.