(No. 5405.  May 1, 1930.)

D. A. STONE, Respondent, v. B. H. MATTHIES, Appellant.

[287 Pac. 951.]

John W. Jones and Guy Stevens, for Appellant.

J. H. Andersen, for Respondent, cites no authorities on points decided.

GIVENS, C. J.—Plaintiff brought this action to recover damages alleged to have been incurred by defendant's breach of contract. The complaint alleged that defendant had agreed to sell to the plaintiff 1500 sacks of Idaho Rurals (potatoes), cellar run, eligible for certification at $2.25 per cwt. and that the potatoes delivered were diseased and neither certified nor eligible to be certified and were worth not to exceed $1 per cwt.

Defendant denied that he had agreed to deliver certified potatoes or that he had represented that the potatoes were of any particular grade or quality and alleged that before contracting to purchase them, plaintiff had inspected the potatoes which were then stored in defendant's cellar.

In a cross-complaint he prayed judgment for a balance of $118.88 due on the contract price.

At the trial before a jury, after plaintiff had rested, defendant moved for a directed verdict on the ground that plaintiff had failed to prove any damage. Whereupon plaintiff was permitted to reopen his case to offer proof of damage.

The jury returned a verdict for the defendant in the main action but allowed him nothing on his cross-complaint. Plaintiff moved that the verdict be set aside and a new trial allowed which motion was granted. Defendant has appealed from the order granting a new trial.

The granting or refusal of a new trial rests within the discretion of the trial court and this court will not interfere with the exercise of such discretion unless it appears to have been manifestly abused. (*Watt v. Stanfield*, 36 Ida. 366, 210 Pac. 998; *Jones v. Campbell*, 11

Ida. 752, 84 Pac. 510; *Brossard v. Morgan,* 6 Ida. 479, 56 Pac. 163.)

In its order granting a new trial, the court said that it was granted because the verdict of the jury was contrary to the evidence. If this reason is justified by the record, the order will not be disturbed. (*Gray v. Pierson,* 7 Ida. 540, 64 Pac. 233.)

■ A perusal of the record indicates that the court had grounds for this conclusion. The testimony of the plaintiff showed that he had contracted for the purchase of certified Rural seed potatoes, cellar run, and that the potatoes delivered were not as contracted for. As proof that there had been no breach of the contract, defendant relies on a letter written to him by a field horticulturist of the inspection service in which he was informed that five acres of his potatoes had passed the required field tests and would be subject to recognition by the office of the Pure Seed Commissioner either as "certified seed," or "approved seed," provided certain other tests were met. The most important of these tests were that they must be of a certain size, sorted and free of disease. Defendant did not establish that the potatoes referred to in this letter were the same potatoes which were delivered to the plaintiff or that the requirements specified in the letter had been complied with. The potatoes were not in fact certified nor does the evidence show that those delivered could have been, and there was testimony to the effect that they could not have been.

■ This court has often held that the right of the trial court to grant a new trial is not restricted to those cases where the evidence is without conflict. A new trial may be allowed where the evidence is conflicting where the trial court is satisfied that the verdict is not supported by or is contrary to the evidence. (*Penninger Lateral Co. v. Clark,* 20 Ida. 166, 117 Pac. 764; *Wolfe v. Ridley,* 17 Ida. 173, 20 Ann. Cas. 39, 104 Pac. 1014; see, also, *Beckley v. Harris,* 84 Cal. App. 557, 258 Pac. 428; *Rush v. Buckles,* 93 W. Va. 493, 117 S. E. 130; *McDonnell v. St.*

*Louis S. W. Ry. Co.,* 98 Ark. 334, 135 S. W. 925; 46 C. J. 190.)

The distinction between this right of the trial court and its right to grant a motion for a nonsuit or a directed verdict has often been pointed out. (*Beckley v. Harris, supra.*)

In view of the state of the record, we feel that the trial court's conclusion that the verdict of the jury was contrary to the evidence was not so unreasonable as to amount to an abuse of its discretion.

The order granting a new trial is affirmed. Costs to respondent.

Budge, Lee, Varian and McNaughton, JJ., concur.

Petition for rehearing denied.