(No. 5773. May 2, 1932.)

DAVID K. EGBERT, Respondent, v. TWIN FALLS CANAL COMPANY, a Corporation, Appellant.

[11 Pac. (2d) 360.]

James R. Bothwell, for Appellant.

Walters, Parry & Thoman and J. R. Keenan, for Respondent.

GIVENS, J.—Appellant is a Carey Act operating company whose predecessor in interest, a Carey Act construction company, constructed a canal and irrigation system, and while originally its plans contemplated the construction only of a canal across or near the land in controversy, the system was completed, comprised as a component part

thereof, a reservoir known as Murtaugh Lake, which in part covered the land in question herein, the SW.¼ of Section 16, T. 11 S., R. 20 E., B. M., thus being part of a so-called school section originally granted by the federal government to the state of Idaho (section 4, Idaho Admission Bill; 26 U. S. Stats. at Large, chap. 656, p. 215), the part thereof in litigation being purchased by respondent from the state of Idaho, June 3, 1916.

After the purchase by respondent of said quarter-section, the present action was instituted June 2, 1921, on one cause of action for $20,000 damages for the flooding by appellant of 75 acres of said land, and by the amended complaint, twelve causes of action for the rental value thereof for the respective years from 1917 to 1928, on the theory that appellant had never legally acquired the right to the land for reservoir purposes, and a fourteenth cause of action to restrain the flooding of the land.

The trial court considered the damages permanent, and took from the jury's consideration the causes for rental value. Two special interrogatories were submitted to the jury in which they found that 44.78 acres of the land purchased by respondent were within the confines of the reservoir at the time he purchased it; that the portion thereafter flooded by the level of water being raised by appellant was 56.78 acres, or a difference of 12 acres. The jury gave a verdict in favor of respondent for $120, being at the rate of $10 per acre.

A new trial was sought upon all the grounds provided by C. S., sec. 6888, except under subdivision 5 thereof, the ground of inadequate instead of excessive damages. (See on this point, *Riggs v. Smith, post*, p. 43, 11 Pac. (2d) 358, filed May 2, 1932.) The court granted the new trial on grounds 3, 4, 5, 6 and 7 of the motion, and denied it on grounds 1 and 2, such numbers corresponding with the numbered divisions of C. S., sec. 6888.

If sustainable on any one ground, the action of the court will not be disturbed (*Turner v. First Nat. Bank*, 42 Ida. 597, 248 Pac. 14; *Tidd v. Northern Pac. Ry. Co.*,

46 Ida. 652, 270 Pac. 138), and unless it is clearly shown that the court abused his discretion in granting the motion, his action will not be disturbed. If the trial court is of the opinion that the verdict is not in accord with law or justice, he may grant a new trial. (*Buster v. Fletcher*, 22 Ida. 172, 125 Pac. 226; *Say v. Hodgin*, 20 Ida. 64, 68, 116 Pac. 410; *Turner v. First Nat. Bank, supra; Tidd v. Northern Pac. Ry. Co., supra*.)

The insufficiency of the evidence to sustain the verdict was particularized in the motion for new trial, and with respect thereto, the evidence was conflicting, and evidently the trial court deemed it unsatisfactory with relation to the verdict, and therefore we cannot say that the court abused his discretion in granting a new trial on this ground, even though some of the other grounds do not appeal to us. (*Jones v. Campbell*, 11 Ida. 752, 755, 84 Pac. 515; *Say v. Hodgin, supra; Penninger Lateral Co. v. Clark*, 20 Ida. 166, 167, 117 Pac. 764; *Turner v. First Nat. Bank, supra*.)

The court may well have had doubts as to the correctness of the verdict and the proper determination of the law issues.

Since the sole question here is whether the court abused his discretion in granting a new trial, it is unnecessary to discuss or determine the many questions presented by appellant which do not have a direct or necessary bearing on this question.

Order affirmed; costs awarded to respondent.

Lee, C. J., and Budge, Varian and Leeper, JJ., concur.