401 P.2d 539

**Raymond E. WARREN, Plaintiff-Appellant,**
v.
**Charles H. ESHELMAN, Defendant-Respondent.**
**No. 9544.**

Supreme Court of Idaho.
April 28, 1965.

Elam, Burke, Jeppesen & Evans, Boise, for respondent.

Coughlan & Imhoff, Boise, for appellant.

KNUDSON, Justice.

On November 14, 1961, appellant, Raymond E. Warren, was foreman of a six-man crew employed by the Hood Construction Company which was engaged in installing a gas line service to a farm house located approximately 1¾ miles east of Meridian, Idaho, on State Highway 69. Appellant and his crew arrived at the job site at approximately 9:00 o'clock a. m. and appellant parked his pickup truck in a driveway leading into the farm on the west side of said highway 69, which extends in a north and south direction. The other vehicles and equipment brought by appellant's crew were parked on the east side of said highway.

· The farm house to which the gas line installation was being made was situated about 80 or 90 feet westerly from where said vehicles had been parked. Members of appellant's crew had attached a 1-inch water hose, which was approximately 200 feet in length, to a faucet on the farm house and had laid the hose upon the ground across said highway and into a field on the east side thereof where it was attached to a bore motor weighing approximately 50 pounds. The bore motor was to be used to drill a hole underneath the highway so that the extension gas pipe could be connected from the gas main to the farm house. There was evidence that at the time of the accident water was in the hose and that it lay across the roadway at an angle of approximately 10 degrees from right angle to the road. Between the time the hose was first laid across the roadway and the time of the accident (approximately 9:30 a. m.) several vehicles had passed over the hose without incident.

Appellant's crew had placed barricades approximately 300 feet both to the north and to the south from where the hose crossed the highway. The barricades were approximately 3 feet high and from 30 to 36 inches long, painted yellow with black stripes.

On the morning of the accident the weather was clear, and the roadway dry. Respondent was driving a 1960 Pontiac station wagon in a northerly direction along said highway 69 accompanied by his brother Carl. The testimony is conflicting relative to the speed at which respondent was travel-

ing at the time his car came in contact with the hose. There is also conflict as to the distance respondent traveled after hitting the hose. Appellant testified that at the time of the accident he was standing two or three feet south of the hose and that he did not touch the hose prior to the accident; that when respondent's car hit the hose it became entangled around his legs and threw him 10 or 12 feet in the air causing the injuries for which he seeks damages.

Respondent and his brother testified that when they were approximately 100 feet from the hose appellant ran out from behind a truck, grabbed the hose and flipped it 8 to 10 feet in the air letting it fall to the pavement, and just before the accident appellant again flipped the hose into the air causing it to fall on the hood of respondent's car as it passed.

At the conclusion of a trial the jury returned a verdict in favor of appellant in the sum of $10,000. Judgment was entered upon the verdict and in due time respondent moved the court for a new trial which was granted. This appeal is from the order granting a new trial. The granting of a new trial is assigned as error and such error presents the only issue involved.

Respondent's motion for a new trial was based upon the following mentioned three grounds: (1) The verdict is contrary to the law; thereafter respondent specifies nine particulars which are claimed to support this ground. (2) The verdict is contrary to the evidence; respondent thereafter specifies five particulars which allegedly support this ground. (3) Excessive damages appearing to have been given under the influence of passion or prejudice.

We do not know upon what ground the court granted the new trial. We have adopted the rule that an order granting a new trial will be liberally construed in support of the order and it will not be reversed on appeal if it can be justified upon any of the grounds upon which the motion was made. Tidd v. Northern Pacific Ry. Co., 46 Idaho 652, 270 P. 138; Walker v. Distler, 78 Idaho 38, 296 P.2d 452. Consequently the first question to be determined is whether the order granting the new trial was a matter within the discretion of the trial court. A comprehensive answer to this question is stated in Sanchotena v. Tower Co., 74 Idaho 541, 264 P.2d 1021, that "[t]his court has, in such cases as this, committed itself to the rule that where the trial court entertains the opinion that the verdict is not in accord with law or justice, Poston v. Hollar, supra [64 Idaho 322, 132 P.2d 142]; Egbert v. Twin Falls Canal Co., 52 Idaho 39, 42, 11 P.2d 360, or is satisfied that the verdict is not supported by or is contrary to the evidence, Riggs v. Smith, 52 Idaho 43, 11 P.2d 358; Stone v. Matthies, 49 Idaho 277, 287 P. 951; Hall v. Johnson, 70 Idaho 190, 214 P.2d 467, or is convinced that

the verdict is not in accord with the clear weight of the evidence and that the ends of justice would be subserved by vacating it, Tidd v. Northern Pacific Ry. Co., 46 Idaho 652, 270 P. 138, Turner v. First Nat. Bank of Bancroft, 42 Idaho 597, 248 P. 14, it may grant a new trial. Such matter is addressed to the sound legal discretion of the trial court and will not be disturbed by this court unless it appears to have been exercised unwisely and manifestly abused."

When a trial court is of the opinion that a verdict, based on conflicting evidence, or even where there is no conflict, is not in accord with law or justice, he may grant a new trial. Grimm v. Harper, 84 Idaho 220, 370 P.2d 197. The reasons for such rule are recognized as being, (1) that the trial court, from seeing and hearing the witness, may have formed such a doubt as to the credibility of the testimony, or entertained such an impression from the surrounding circumstances and atmosphere of the trial, as to conclude that a fair and impartial trial was not had; and (2) that the exercise of such power is not an invasion of the jury's function to decide the facts, for upon granting a new trial the questions of fact will again be submitted to the jury for a decision. Mooney v. Carter (1945), 114 Colo. 267, 160 P.2d 390.

We have carefully examined the record to ascertain whether there is apparent on its face any justification for the trial court to conclude that the verdict is not supported by the evidence, or to indicate that the granting of a new trial was the result of any conviction on the part of the trial court that there had been a miscarriage of justice.

Respondent strenuously contends inter alia that the evidence is insufficient to sustain the verdict in two particulars, (1) to show the manner in which the accident happened and establish that respondent's operation of the car caused the hose to react as claimed by appellant; and (2) the amount of the verdict. From our examination of the record of evidence relating to said two areas we cannot say that the trial court abused the legal discretion vested in him in concluding that the ends of justice would be subserved by granting a new trial. We shall refrain from quoting or analyzing the evidence in this case for the reason that a new trial has been ordered and we do not want any recital or comment of ours to be taken as indicating any view of ours as to the materiality, weight or probative value of any fact or circumstances adduced in evidence.

We conclude that the trial court, in granting a new trial, did not abuse the legal discretion vested in him and committed no error in so doing. The order appealed from is affirmed. Costs awarded to respondent.

McQUADE, C. J., and McFADDEN, TAYLOR and SMITH, JJ., concur.