537 P.2d 62

**Walter A. KLUNDT et al., Plaintiffs-Respondents,**

v.

**Milton CAROTHERS, an individual, and Anchor Ranches, Inc., a corporation, Defendants,**
**and**
**Anchor Ranches, Inc., a corporation, Defendant-Appellant.**

**No. 11684.**

Supreme Court of Idaho.

June 19, 1975.

Rehearing Denied July 24, 1975.

Richard B. Eismann, Homedale, for defendant-appellant.

Richard H. Greener of Webb, Johnson, Tway, Redford & Greener, Boise, for plaintiffs-respondents.

SHEPARD, Justice.

This is an appeal by defendant-appellant Anchor Ranches, Inc. from an order of the district court for a new trial. Following trial, the district court *sua sponte* ordered a new trial on the basis that it had committed "serious error" at trial in excluding certain evidence.

A district court may, upon its own initiative, grant a new trial for any reason that a new trial could be granted upon motion of a party. I.R.C.P. 59(d). An order granting a new trial is appealable, I.C. § 13–201; however, we have repeatedly held that the granting of a new trial is a matter committed to the discretion of the trial court and a decision in that regard will remain undisturbed unless there has occurred an abuse of discretion. Messmer v. Ker, 96 Idaho 75, 524 P.2d 536 (1974); Deshazer v. Tompkins, 93 Idaho 267, 460 P.2d 402 (1969); County of Bonner v. Dyer, 92 Idaho 699, 448 P.2d 986 (1968); Findley v. Woodall, 86 Idaho 439, 387 P.2d 594 (1963). Appellant Anchor

argues that the district court did so abuse its discretion in its order for a new trial.

In 1965 Milton Carothers sought to borrow money from his sister, Helen Biggs (Biggs later married Walter Klundt, but herein will be referred to as Biggs.) Biggs secured a $7,600 loan from the Idaho First National Bank by mortgaging her home. The proceeds of that loan were delivered to Carothers, who in turn executed a promissory note in the same amount payable to Biggs.

On October 3, 1966 the defendant corporation, Anchor Ranches, Inc. was formed by Milton Carothers and his wife Harriet. On October 4, 1966 a corporate meeting was held at which Milton Carothers was elected president and treasurer, and he, his wife and one Richard Anderson were elected directors. At that same meeting the Carotherses offered to convey to the corporation certain real and personal property "subject to" various items of indebtedness. One of those items was the debt owed to Biggs by Carothers. In exchange for that conveyance the Carotherses received 500 shares of Anchor's capital stock. The offer was signed by Milton and Harriet Carothers and fully described the terms and property involved in the exchange. The offer was accepted "in accordance with [its] terms." The corporate minutes pertaining to that action were signed by Harriet Carothers as secretary and approved by Milton Carothers as president. The directors by a signed statement ratified, approved and confirmed all that occurred at the meeting as described in the minutes. The relevant portion of the offer provides:

"The conveyance of said described real and personal property to Anchor Ranches . . . shall be subject to all indebtedness incurred by Milton F. Carothers and Harriet G. Carothers in the operation of such property in raising and producing livestock, including all liens and encumbrances and obligations owing on said described assets and property, which debts, liens and encumbrances include but are not limited to the following:

"CREDITOR        AMOUNT OWING

 *    *    *    *    *    *

"Helen Biggs Klunbt [sic]      $7,562.40"

One Roger Stokes, who later purchased the remaining 500 shares of authorized capital stock in Anchor Ranches, Inc., made an $880.56 payment to the Idaho First National Bank to be credited on the Biggs debt to the bank. Thereafter until October 1970, Anchor Ranches, Inc. made numerous payments to the bank upon that obligation from its corporate account. During that same period of time, Milton Carothers personally made two such payments on the Biggs indebtedness to the bank. Eventually, however, the principal portion of the Biggs debt to the bank was discharged by either Biggs or her husband Walter Klundt.

Biggs thereafter brought the instant suit against Milton Carothers and Anchor Ranches, Inc. upon the promissory note executed in her favor by Milton Carothers. Therein Biggs alleged that the corporation had assumed Carothers' obligation to pay the Carothers-Biggs note. During the course of the trial, plaintiffs-respondents sought to introduce evidence which, it is contended by appellant would vary the terms of the offer and acceptance. After the conclusion of the trial, but prior to judgment, the district court *sua sponte* ordered a new trial on the basis that it felt it had erred in excluding that evidence.

Appellant Anchor argues that the district court abused its discretion in its order for a new trial, stating that the corporate minutes of October 4, 1966 constitute an integration of the agreement to exchange the Carothers property for stock in Anchor. It is pointed out that the terms of that agreement clearly contain no personal assumption of Carothers' debt by Anchor. It is further argued that to admit evidence to

vary the terms of that agreement would violate the parol evidence rule. Therefore, to grant a new trial to receive inadmissible evidence is a manifest abuse of discretion, says the appellant.

 We agree that the agreement of October 4, 1966 does not provide for an assumption to the Milton Carothers' debt by Anchor. The words "subject to" are not promissory. When used in the manner as here, the transferee of assets "subject to" an indebtedness does not thereby assume liability for the debt. Siekman v. Moler, 47 Idaho 446, 276 P. 309 (1929); Helvering v. Southwest Consol. Corp., 315 U.S. 194, 62 S.Ct. 546, 86 L.Ed. 789 (1942); Schwartz v. Cahill, 220 N.Y. 174, 115 N.E. 451 (1917); Dingeldein v. Third Ave. R. R. Co., 37 N.Y. 575 (1868). 2 Williston on Contracts, § 382 (3d ed. 1959). It is also clear that the offer and acceptance evidenced in the minutes of October 4, 1966 constitute an integration of the Carothers-Anchor agreement and that there is no ambiguity in the sense urged by respondent.

The appellant has argued this matter solely within the framework of the parol evidence rule. Our discussion this far has been on that basis but the case cannot be so concluded. The record must be construed liberally in support of the order for the new trial. Clark v. Foster, 87 Idaho 134, 391 P.2d 853 (1964); Walker v. Distler, 78 Idaho 38, 296 P.2d 452 (1956). Plaintiffs sought to prove through the testimony of Milton Carothers that other items of indebtedness listed in the offer and acceptance had been assumed and paid by the corporation. Also tendered and rejected was testimony of Carothers as to the reason the corporation made payments on plaintiffs' obligation to the bank at later times. It is arguable that neither of the disputed evidentiary matters fall within the framework of the parol evidence rule. While they may not be admissible as proof of prior or contemporaneous agreements tending to vary or add to the integrated agreement of October 4, 1966, it is arguable that the evidence is probative of conduct indicating an agreed modification of the prior integrated agreement, or the creation of an entirely new agreement. The disputed evidence might also be relevant and admissible as tending to prove that the corporation had no real existence, but was merely a continuation of Carothers' business under a new name and thus further respondents' theory of piercing the corporate veil. Under these circumstances, we cannot agree that the district court necessarily abused its discretion in ordering a new trial. Affirmed. Costs to respondents.

McQUADE, C. J., and McFADDEN, DONALDSON and BAKES, JJ., concur.