546 P.2d 64

**Lawrence A. EBERT and Alvina Ebert, husband and wife, Plaintiffs-Appellants,**

v.

**Richard W. NEWTON and Patricia F. Newton, husband and wife, Defendants-Respondents.**

No. 11689.

Supreme Court of Idaho.

Feb. 18, 1976.

D. Blair Clark, Anderson, Kaufman, Anderson & Ringert, Boise, for plaintiffs-appellants.

Phillip M. Barber, Elam, Burke, Jeppesen, Evans & Boyd, Boise, for defendants-respondents.

PER CURIAM.

This is an appeal from a judgment following trial and jury verdict in favor of defendants and thereafter denial of a motion for a new trial. Plaintiffs characterized the issue as to whether there was sufficient evidence to support the jury verdict and judgment. We affirm.

Plaintiffs-appellants brought suit for personal injury alleged to have been sus-

tained by Lawrence Ebert and caused by defendant-respondent Patricia Newton's alleged negligence in the following circumstances. Jefferson Street in Boise, Idaho, at the point in question is a one-way street for traffic travelling west. It intersects with 10th Street which is also a one-way street for traffic travelling south. Respondents Newtons' car had been parked at the left curb of Jefferson in the marked parking space nearest the intersection with 10th. Mrs. Newton started the vehicle and immediately began a left turn onto 10th. In the meantime, Ebert was driving his vehicle west on Jefferson in the left lane and also preparing to turn left onto 10th. The two vehicles collided while each was attempting to turn left onto 10th.

After trial the following special verdict interrogatory was submitted to the jury: "Was the defendant, Patricia F. Newton, guilty of negligence *which was a proximate cause of the accident* and the consequent damages and injuries?" (Emphasis supplied.) The jury answered "no" to that interrogatory, the trial court thereupon entered judgment for defendants and thereafter denied plaintiffs' motion for a new trial.

Appellants assert that Mrs. Newton was negligent as a matter of law in failing to drive her vehicle from the parking spot into the lane of traffic on Jefferson Street prior to attempting a left turn onto 10th Street. We do not reach that question since, even assuming arguendo that Mrs. Newton was negligent as a matter of law, such does not relieve a plaintiff from persuading the jury that such negligence was a proximate cause of the accident and the consequent damages and injuries. *Lundy v. Hazen*, 90 Idaho 323, 411 P.2d 768 (1966); *Tendoy v. West*, 51 Idaho 679, 9 P.2d 1026 (1932). A plaintiff carries the burden of persuading the trier of fact by a preponderance of the evidence that he has proven all of the necessary elements of his cause of action. *Cole-Collister Fire Protection District v. City of Boise*, 93 Idaho 558, 468 P.2d 290 (1970); *Anderson v. Ruberg*, 66 Idaho 417, 160 P.

2d 456 (1945). In a personal injury action, causation is a necessary element of proof and upon the record before us causation was a question for a jury resolution. *Schaefer v. Elswood Trailer Sales*, 95 Idaho 654, 516 P.2d 1168 (1973); *Dawson v. Olson*, 94 Idaho 636, 496 P.2d 97 (1972); *Crane v. Banner*, 93 Idaho 69, 455 P.2d 313 (1969). The jury is entitled to weigh the evidence and assign credibility to the testimony of the witnesses.

We find there was sufficient evidence to support the jury verdict. The only evidence supporting plaintiffs' view of the proximate cause issue was that given by the Eberts and which was impeached in part. The jury could have believed that the testimony of the Eberts was inconsistent in itself or inconsistent with the circumstantial evidence or with evidence offered on behalf of the defendant. For example, the speeds of the vehicles were minimal and barely moving at the time of the accident, and yet the Eberts were shown to have been travelling fast enough along Jefferson Street at a steady speed to make traffic lights at previous intersections; the damage to the vehicles was minimal; Ebert reported no injury at the scene of the accident; x-rays revealed no physical injury; Ebert was impeached in the matter of prior accidents and prior claims for physical injuries; and defendants produced medical testimony severely contradicting plaintiffs' case relating to physical injury and damage.

In short, the jury could have concluded either that Mrs. Newton's asserted negligence was not the proximate cause of the accident or that it was not the cause of plaintiffs' alleged damages and injuries or that plaintiff had no damages or injuries. The record supports the jury's verdict in any or all of those conclusions. Hence, the court did not err in entering judgment upon the jury verdict or in denying plaintiffs' motion for a new trial. *Annau v. Schutte*, 96 Idaho 704, 535 P.2d 1095 (1975); *Messmer v. Ker*, 96 Idaho 75, 524 P.2d 536 (1974).

Affirmed. Costs to respondent.