565 P.2d 982

Walter B. RYALS, Plaintiff-Appellant, Cross-Respondent,

v.

BROADBENT DEVELOPMENT COMPA-NY, A Delaware Corporation authorized to do business in the State of Idaho, Defendant-Respondent, Cross-Appellant.

No. 12051.

Supreme Court of Idaho.

June 8, 1977.

Rehearing Denied July 1, 1977.

Karl Jeppesen of Elam, Burke, Jeppesen, Evans & Boyd, Boise, for appellant.

Paul J. Papak of Moffatt, Thomas, Barrett & Blanton, Boise, for appellee.

SHEPARD, Justice.

This is an appeal from an order granting a new trial. Following trial, the jury returned special verdict forms relating to negligence and proximate cause which favored the plaintiff. Thereafter the trial judge concluded that the special verdict of the jury relating to proximate cause was erroneous and he made a different finding relating to proximate causation and ordered a new trial in the absence of the plaintiff accepting a remittitur lowering the damages. Upon such refusal of plaintiff, the trial judge ordered a new trial. Plaintiff appeals therefrom and defendant also cross-appeals asserting that the trial judge erred in not granting the new trial upon additional grounds. We reverse the order of the trial court granting a new trial and affirm the trial court's action as it relates to the cross-appeal.

Plaintiff-appellant Walter B. Ryals is a mechanic, and on June 19, 1974, he was directed by his employer to remove a pump from the boiler room located in the basement of a building owned by defendant-respondent Broadbent Development Company. The sole access to that boiler room is from a rear alley and thence through a door and down a stairway. The platform at the top of the stairway was unstable and the edges of the landing and the stairway steps were badly worn and cupped from long use and lack of repair. Additionally, the platform and stairway had no handrail. Ryals had used that entrance to the boiler room approximately 12 times without any incident and was aware of the above mentioned conditions. Ryals carried his tools down the stairway, disconnected the pump and carried his tools back up the stairway. While on the landing at the top of the stairway, he leaned out of the doorway and placed his tools in the alley. He then straightened, turned to his left and took a step backward to begin his second descent of the stairs. At that moment he fell off the side of the platform, landing on the concrete floor and sustained injuries to his left shoulder, elbow, hand and wrist.

Following trial, the jury returned special verdict forms in which they found defendant Broadbent guilty of negligence and also found that Broadbent's negligence was the proximate cause of Ryals' injuries. The jury also found that plaintiff Ryals was negligent, but in addition specifically found on the fourth special interrogatory that Ryals' negligence was not a proximate cause of the accident or injuries.

Broadbent filed motions for judgment notwithstanding the verdict or in the alternative, for a new trial and for a remittitur of those damages it claimed were excessive. The trial court denied the motion for judgment N.O.V. The trial judge found, however, contrary to the finding of the jury, that plaintiff Ryals' negligence was a proximate cause of his injury. The trial judge concluded that plaintiff Ryals' negligence was a causative factor of his injuries to the extent of 45% of the total damages. The court therefore ordered a new trial unless plaintiff Ryals agreed to accept a reduction of 45% of the $80,000 verdict, i. e., $36,000. See, IRCP 59(a)(6). Plaintiff Ryals appeals from that order granting the new trial and defendant Broadbent cross-appeals arguing that the order granting the new trial should

have been based on additional grounds, i. e., excessive damages, insufficient evidence to support a finding that the defendant was negligent in any respect and that the court's instructions were erroneous. Defendant also asserts error in the admission of certain evidence.

Plaintiff's appeal from the order granting the new trial raises once again the continuing and vexing problem, to wit,

"What function does a trial judge perform after a jury has rendered a verdict on the basis of highly conflicting evidence which will support a verdict for either plaintiff or defendants? May the trial judge, as the majority states, in effect reverse the action of the jury solely because of a 'gut reaction' that the verdict did not render 'substantial justice' or is 'contrary to the evidence as a whole?' Or on the other hand is the jury truly the trier of the facts?" *Deshazer v. Tompkins*, 93 Idaho 267, 460 P.2d 402 (1969) dissenting opinion.

■ The instant case is one in which a trial to a jury was sought and obtained. One of the most basic precepts in our system of jurisprudence is that determinations of fact by a jury will not, except in extraordinary circumstances, be overturned by the court, trial or appellate, if there is substantial evidence sustaining those factual findings. In addition, such deference has been the abiding rule in Idaho with respect also to dismissals of complaints, summary judgments, judgment on the pleadings, nonsuits, directed verdicts and judgments notwithstanding the verdict. *See*, IRCP 12(b), (c), 41(b), 50(a), (b), 56; *Bank of Commerce v. Baldwin*, 12 Idaho 202, 85 P. 497 (1906); *Hendrix v. Twin Falls*, 54 Idaho 130, 29 P.2d 352 (1934).

In the cases of *Baldwin v. Ewing*, 69 Idaho 176, 204 P.2d 430 (1949); *National Produce Distributors v. Grube*, 78 Idaho 33, 297 P.2d 284 (1956); *Checketts v. Bowman*, 70 Idaho 463, 220 P.2d 682 (1950), and the dissenting opinions in *Sanchotena v. Tower Co.*, 74 Idaho 541, 264 P.2d 1021 (1953) and *Deshazer v. Tompkins, supra*, it is indicated that the jury is to determine the weight of

the evidence, assign credibility or non-credibility to the testimony of witnesses, thereupon reach a verdict and that the trial court, acting upon motions for new trials, should not substitute their judgment for that of a jury.

On the other hand, another line of cases indicates that in Idaho the trial judge is possessed of extremely broad discretion in acting as a "thirteenth juror" who is entitled to override the verdict of the other jurors if he conceives that justice has not been done. *See, Grimm v. Harper*, 84 Idaho 220, 370 P.2d 197 (1962); *Say v. Hodgin*, 20 Idaho 64, 116 P. 410 (1911); *Hall v. Johnson*, 70 Idaho 190, 214 P.2d 467 (1950); *Warren v. Eshelman*, 88 Idaho 496, 401 P.2d 539 (1965); *Rosenberg v. Toetly*, 93 Idaho 135, 456 P.2d 779 (1969); *Deshazer v. Tompkins, supra*.

In the case at bar we find no necessity to resolve the above conflict in philosophy which is indicated by the parallel lines of cases. All such cases have arisen in the context of a general jury verdict and the need or lack thereof for a trial judge to act as a thirteenth juror and exercise his discretion and grant a motion for a new trial when the judge feels the clear weight of admissible evidence is against the general jury verdict albeit there may be substantial conflicting evidence to support the jury's general verdict. We find, however, no Idaho case specifically dealing with the discretion of a trial judge to grant a new trial where, as is the situation here, the jury has delivered its verdict by special interrogatories under the provisions of IRCP 49(a) and (b).

■ In the case at bar as a result of the jury's special interrogatories the focus is extremely narrow and points only to questions of negligence and proximate cause. Indeed, this Court has repeatedly laid down the rule that such clear factual questions are to be resolved by the jury. *Lundy v. Hazen*, 90 Idaho 323, 411 P.2d 768 (1966); *Schaefer v. Elswood Trailer Sales*, 95 Idaho 654, 516 P.2d 1168 (1973); *Ebert v. Newton*, 97 Idaho 418, 546 P.2d 64 (1976). The questions posed by the special interrogatories

under the provisions of our comparative negligence statute (I.C. § 6–801) further narrow and focus the factual determination by requiring a finding as to the quantum of the respective negligence of the plaintiff and the defendant. The jury found, as did the trial judge, negligence on behalf of the plaintiff. The jury and the trial judge found negligence on the part of the defendant. It is only as to the quantum of plaintiff's negligence as being a proximate cause of the injuries where a variance exists between the finding of the jury and the finding of the trial judge. The jury found that the negligence of the plaintiff was not a causative factor in any degree. The trial judge purporting to act on the basis of the same evidence as did the jury and presumably under the same principles of law which he had announced to the jury in his instructions assigned a causative factor of 45% to the negligence of the plaintiff.

While there is substantial evidence which supports that determination by the trial judge, equally there is substantial evidence which supports the jury's special interrogatory assigning no degree of causative factor to plaintiff's negligence. It could be concluded that the plaintiff's negligence in stepping backward on the platform away from the alley door was a causative factor of the fall which resulted in his injuries. It, however, could just as logically be concluded that although the plaintiff was negligent in so stepping backward on that particular platform, the defects of which he was aware, nevertheless the injury would have been prevented by the installation of a simple handrail and that the failure to install a handrail was negligence on the part of the defendant and hence, the defendant's negligence was the entire causative factor precipitating the fall and the subsequent injuries.

▪ We hold therefore that the action of the trial judge in overruling the verdict of the jury on the clear and narrow factual issue of causation and substituting his own judgment on the quantum of causation improperly invaded the province of the jury. In so holding, we do not, at least in the case

at bar, abolish the judicial oversight function where a jury has returned a general verdict. Nor do we intend to limit the verdict discretion of a trial court in ruling on a motion for new trial based on any of the other grounds for a new trial specified in IRCP 59.

▪ We now turn to the issues raised by defendant's cross-appeal. He argues that the trial court should have granted the motion for new trial on additional grounds. He asserts first that the $80,000 verdict rendered by the jury was excessive as a matter of law in that the award is greater than any other reported verdict in the entire United States involving injury to the wrist and/or elbow. Be that as it may, the sole question on appeal is whether the amount of damages is supported by the evidence and we hold that it is. The evidence suggests the incurring of $2,700 in medical expenses and also suggests out-of-pocket loss of wages for ten years at $6,000 per year. There is also substantial evidence regarding plaintiff's pain and suffering, the anxiety of having a nearly useless hand and substantial continuing arthritic pain. Thus we do not find that the jury award was excessive as a matter of law in that it was not supported by the evidence.

▪ Defendant next asserts that the evidence was insufficient to support a finding that the defendant was negligent in any degree. Such argument is based largely on the fact that the plaintiff admitted at trial that he did not know exactly and precisely what had caused him to fall and thus the jury could have only based its finding of defendant's negligence on speculation. We disagree. The circumstantial evidence provides a substantial base from which the jury could draw its factual conclusions of negligence and proximate cause. *Dent v. Hardware Mutual Cas. Co.,* 86 Idaho 427, 388 P.2d 89 (1963); *Splinter v. City of Nampa,* 74 Idaho 1, 256 P.2d 215 (1953).

Defendant also asserts that the court's instructions regarding the duty of defendant regarding obvious hazards on its premises was erroneous. The argument assumes two forms. First, defendant argues that he

had no duty whatsoever to inspect, forewarn of or correct any obvious hazard which should be apparent to any business invitee. Instruction No. 27 provides as follows:

> "The owner or operator of premises may be liable for physical injuries to an invitee proximately caused by the unsafe or dangerous condition of his premises even though the danger is obvious and known to such invitee if the owner or operator of the premises had reason to expect that the invitee would proceed to encounter the obvious danger because to a reasonable man in his position the advantages of doing so (or the disadvantage of not doing so) would outweigh the apparent risk."

That instruction was taken almost verbatim from Restatement of Torts, 2d ed. § 343A, and has been widely accepted since its adoption, Annot. 35 A.L.R.3d 230 (1971), and we find no error therein. Although defendant argues that *Otts v. Brough,* 90 Idaho 124, 409 P.2d 95 (1965) and *Mann v. Safeway Stores, Inc.,* 95 Idaho 732, 518 P.2d 1194 (1974) mandate a contrary result, we do not agree. Both cases are distinguishable in that there is no indication therein the invitees were aware of the dangers or that in any event the owner of the premises should have expected an invitee to encounter the danger.

Defendant further argues that the instructions regarding the defendant's duty toward plaintiff were overly repetitious and unduly emphasized plaintiff's theory of the case. While it is true that there is some overlap and repetition between and among the instructions, each of them performed a different legitimate function and while the instructions are perhaps not models of concise wording, they do not provide grounds for reversal nor do they overemphasize plaintiff's theory of the case. As stated in *Stuchbery v. Harper,* 87 Idaho 12, 20, 390 P.2d 303, 307 (1964).

> "In his instructions the trial judge should avoid unnecessary repetition and make the instructions as brief and concise as possible. However, clarity is of paramount importance and is not to be sacrificed to brevity."

We have examined defendant-cross-appellant's remaining assignments of error and find them to be without merit. The order of the district court granting a new trial is reversed with instructions that the verdict of the jury be reinstated. The action of the trial court in refusing defendant and cross-appellant's additional grounds for a new trial is affirmed. Costs to appellant.

BISTLINE, J., concurs.

DONALDSON, J., concurs in result.

BAKES, Justice, concurring specially in part and dissenting in part:

While I agree with the majority's reversal of the trial court's action in this case, I disagree with its analysis and disposition. I would hold instead that the trial court improperly used remittitur and also that the granting of a new trial because the plaintiff refused to accept the remittitur was improper, and I would remand this case to the trial court for consideration of the defendant's motions for a new trial and for remittitur on the alternative grounds raised by the defendant.

The defendant's post trial motions sought a judgment notwithstanding the verdict, a new trial and remittitur. The new trial motion alleged numerous grounds for its request, including insufficiency of the evidence, excessiveness of the verdict, errors occurring during the trial, and errors in several of the instructions to the jury. The remittitur request was on the grounds that the damages award was excessive, and that it was not supported by the damages evidence. The trial court ruled that the evidence supported a finding that the negligence of the plaintiff was a proximate cause of his injury and directed that the special verdict be rewritten with the 45% negligence of the plaintiff inserted as proximately causing the accident. It then granted the remittitur based on its comparative negligence assessment and granted the new trial "in the event plaintiff does not accept the Judgment as entered by the Court in

accordance with this order." Thus, it is clear that the motion for a new trial was granted *only because* the plaintiff refused to remit that portion of the damages award which the trial court had determined was attributable to the plaintiff's own negligence, and also that the trial court did not rule on the other grounds asserted by the defendant in its motion.

The function of remittitur is to enable the trial court to relieve a defendant from an excessive damages verdict, when the only issue is that the amount awarded by the jury was excessive in light of the evidence, thus sparing the court and the parties the expense and time of going through a new trial on all of the issues. *Checketts v. Bowman,* 70 Idaho 463, 220 P.2d 682 (1950). The plaintiff is given an election by the trial court either to remit that portion of the damages award which the court has determined to be excessive or submit to a new trial. The trial court in this case was improperly using remittitur to substitute its own assessment that the plaintiff's negligence was 45% causative of his injuries for the jury's view that the plaintiff's negligence was not the proximate cause of his injuries. The remittitur tool does not exist to enable the court to decide ultimate fact questions of liability of a party, but only narrow questions of excessive damages awards. *See generally,* 6A Moore's Federal Practice, § 59.05; 11 Wright & Miller, Federal Practice and Procedure, § 2815. The difficulty with the majority opinion is that it fails to recognize that the trial court used the remittitur improperly and consequently it needlessly tries to grapple with a comparison of the trial court's factfinding and the jury's finding. *Compare Smith & Linderman v. Great Basin Grain Co.,* 98 Idaho 266, 561 P.2d 1299 (1977).

I conclude that the trial court erred in granting the motion for a new trial on the ground that the plaintiff refused to remit according to the court's assessment of liability. However, the proper course for this Court should be to remand this case to the trial court for further consideration of the defendant's motion, rather than passing on the alternative grounds as the majority has done.

This Court has frequently recognized the unique position of a trial judge in ruling on a motion for a new trial. Because of his proximity to the parties and the issues, and having presided over the trial itself, the trial judge is given a wide latitude in making his decision:

"This court has, in such cases as this, committed itself to the rule that where the trial court entertains the opinion that the verdict is not in accord with law or justice, *Poston v. Hollar,* [64 Idaho 322, 132 P.2d 142 (1942)]; *Egbert v. Twin Falls Canal Co.,* 52 Idaho 39, 42, 11 P.2d 360, or is satisfied that the verdict is not supported by or is contrary to the evidence, *Riggs v. Smith,* 52 Idaho 43, 11 P.2d 358; *Stone v. Matthies,* 49 Idaho 277, 287 P. 951; *Hall v. Johnson,* 70 Idaho 190, 214 P.2d 467, or is convinced that the verdict is not in accord with the clear weight of the evidence and that the ends of justice would be subserved by vacating it, *Tidd v. Northern Pacific Ry. Co.,* 46 Idaho 652, 270 P. 138, *Turner v. First Nat. Bank of Bancroft,* 42 Idaho 597, 248 P. 14, it may grant a new trial. Such matter is addressed to the sound legal discretion of the trial court and will not be disturbed by this court unless it appears to have been exercised unwisely and manifestly abused." *Sanchotena v. Tower Co.,* 74 Idaho 541, 547–548, 264 P.2d 1021, 1025 (1953).

*See also, Klundt v. Carothers,* 96 Idaho 782, 537 P.2d 62 (1975); *Dawson v. Olson,* 95 Idaho 295, 507 P.2d 804 (1973); *Grimm v. Harper,* 84 Idaho 220, 370 P.2d 197 (1962). In the first appeal of *Dawson v. Olson,* 94 Idaho 636, 496 P.2d 97 (1972), the defendant had filed post trial motions for a judgment notwithstanding the verdict and in the alternative for a new trial. The trial court granted the JNOV. On appeal this Court reversed the granting of the JNOV, but remanded the case to the trial court for consideration of the motion for new trial which had never been passed upon. On remand the trial court granted the motion for new trial on the ground that the jury

had been erroneously instructed. The district court's order granting the new trial was affirmed on appeal. *Dawson v. Olson,* 95 Idaho 295, 507 P.2d 804 (1973).

We have the same situation before us in this case that faced the Court in *Dawson I.* Here the entire Court is in agreement that the trial court erred in ordering the remittitur of 45% of the plaintiff's verdict or, in the alternative, granting a new trial, albeit for different reasons. However, the trial court has never passed upon the various other grounds raised by the defendant in support of its motion for new trial. As the Court held in *Dawson I,* those issues should be remanded to the trial court for its determination based upon its superior contact with this case, particularly its ability to personally observe the witnesses, rather than rule on those issues, *ab initio,* at the appellate level.

As the above cited authorities make clear, the trial judge does not use an appellate standard of review when ruling on a motion for a new trial. His function is closer to that of a court of equity, and to a certain extent he is a "thirteenth juror"—not for the purpose of finding the ultimate fact issues of the case, as was attempted in this case, but so that he can evaluate the fact-findings of the jury and grant a new trial where, in his opinion, the verdict "is not in accord with [the] law or justice." *Dawson v. Olson,* 95 Idaho 295, 298, 507 P.2d 804, 807 (1973).

Again it must be emphasized that the trial court in this case did not rule on the defendant's alternative grounds for a new trial. The majority, however, has proceeded to review and reject these alternative grounds, sitting not as a trial court with broad latitude in such matters based upon its personal observation of the witnesses, but as an appellate court with a very narrow standard of review of a cold record. This case should be remanded to the trial court to allow it to first pass on those other grounds for new trial.

Finally, while the majority claims to abstain from any effort to resolve the apparent conflict between the two lines of authority in this Court concerning the standard by which a trial judge is to consider a motion for new trial, it seems to me that by drawing the distinction between general and special verdicts, and then concluding that motions for new trials where there is a special verdict are controlled by the decision of this Court in *National Produce Distributors, Inc. v. Grube,* 78 Idaho 33, 297 P.2d 284 (1956), and the dissenting opinion in *Deshazer v. Tompkins,* 93 Idaho 267, 460 P.2d 402 (1969), in fact this Court has now committed itself to that line of authority. The fact that the jury returned a special rather than a general verdict does not—and should not—affect the standard by which a trial court is to review a motion for new trial.

The peculiar opportunity of the trial court to better evaluate what occurred at trial has been expressed many times by this Court, of which the following is only representative:

"When a trial court is of the opinion that a verdict, based on conflicting evidence, or even where there is no conflict, is not in accord with law or justice, he may grant a new trial. *Grimm v. Harper,* 84 Idaho 220, 370 P.2d 197. The reasons for such rule are recognized as being (1) that the trial court, from seeing and hearing the witness, may have formed such a doubt as to the credibility of the testimony, or entertained such an impression from the surrounding circumstances and atmosphere of the trial, as to conclude that a fair and impartial trial was not had; and (2) that the exercise of such power is not an invasion of the jury's function to decide the facts, for upon granting a new trial the questions of fact will again be submitted to the jury for a decision." *Warren v. Eshelman,* 88 Idaho 496, 500, 401 P.2d 539, 541 (1965), quoted in *Dawson v. Olson,* 95 Idaho 295, 507 P.2d 804 (1973), *Rosenberg v. Toetly,* 93 Idaho 135, 456 P.2d 779 (1969), and *Deshazer v. Tompkins, supra.*

"The trial judge sees the witnesses on the witness-stand, observes the manner of their testifying, notes their apparent candor or fairness, or the want of it; hears

the argument of counsel, and, in short, is in possession of many sources of information valuable in an inquiry as to whether justice has miscarried or not, and which cannot be made to appear in the record of the case which comes to the appellate court; and appreciating such fact, appellate courts have so frequently held, that it may be announced as settled law, that trial courts possess a discretion to be exercised wisely in the granting or refusal of new trials, and that such discretion will not be by the appellate court disturbed unless it manifestly and clearly appears to have been exercised unwisely and to have been manifestly abused. Such has been the holding of this court in many cases." *Say v. Hodgin,* 20 Idaho 64, 68, 116 P. 410, 411 (1911), quoted in *Grimm v. Harper, supra.*

This Court recently reaffirmed this role of the trial court in *Smith & Linderman v. Great Basin Grain Co., supra,* when we stated:

"The more liberal rule applied to orders granting a new trial recognizes the advantage enjoyed by the trial court in reviewing the case because of the court's active participation in the trial." 98 Idaho at 275–276, 561 P.2d at 1308–1309.

As a result of the decision today, we have now changed the function of a trial judge in ruling upon a motion for new trial from that expressed in the foregoing cases to that of an intermediate appellate court which merely reviews the record to determine whether there is any substantial evidence to support the verdict. I dissent from that conclusion.

McFADDEN, C. J., concurs.