609 P.2d 153

**BURLINGTON NORTHERN, INC., a corporation, Plaintiff-Respondent,**

v.

**C. L. OTTER, dba C. L. Otter Farms, Defendant-Appellant,**

and

**Jeff Vogt, Intervenor-Appellant.**

No. 12513.

Supreme Court of Idaho.

March 31, 1980.

Ronald G. Carter of Carter, Gines & Rice, Dwight F. Bickel, of Bickel, Anderson & Peterson, Boise, for defendant-appellant.

Dean E. Miller and Dean J. Miller of Gigray, Miller, Downen & Weston, Caldwell, for plaintiff-respondent.

SHEPARD, Justice.

This is an appeal from a judgment in favor of plaintiff and against defendant for unpaid rent accruing from the use and occupancy of certain farm lands by the defendant. We affirm.

Plaintiff-respondent brought the instant action to collect the amount of $72,000.00 ($200.00 per acre) which represented unpaid rent due under an alleged oral lease between plaintiff-respondent and defendant-appellant concerning certain farm lands. It is not disputed that the defendant occupied said lands and paid no money for the use thereof.

Defendant-appellant contended at trial and again here that the plaintiff-respondent had agreed that the land in question would be irrigated by a sprinkler system which would be operational by April 15, 1974. It is contended that the irrigation was not provided until approximately June 23, 1974. Nevertheless, defendant-appellant planted and harvested a potato crop. It was further contended by way of defendant-appellant's counterclaim that the failure to provide timely irrigation resulted in a decreased crop and damages therefrom amounting to $300,000.00.

Following trial, the court granted plaintiff-respondent's motion to dismiss the counterclaim. The jury returned a special verdict in favor of the plaintiff in the amount of $72,000.00 "as and for rent pursuant to the agreement of the parties." Judgment was entered thereon.

Appellant argues that the issue in the case "is whether Burlington Northern breached their contractual agreement with Otter by not timely furnishing farmable land *with irrigation water*." The threshold question before the trial court, and before this Court on appeal, is whether Burlington Northern contracted to furnish the land *with irrigation water*. Only thereafter does the question of breach and resultant damage arise. Those issues were well stated by the trial judge, and he bifurcated the trial in an attempt to gain resolution of the first question before passing onto the second.

There was substantial evidence upon which the jury could and obviously did find that the parties had an oral agreement to lease the lands for the sum of $200.00 per acre. It is uncontested that the defendant-appellant went on, occupied and planted the land to potatoes and harvested the same. Defendant has paid nothing to Burlington Northern therefor.

It is to be noted that the defendant-appellant makes no assertion on appeal that the trial court erred in any of its rulings of law or in its instructions to the jury. Indeed, it is asserted by plaintiff-respondent that there was no appeal from the ruling of the trial court dismissing Otter's cross-complaint. Without deciding that question, we merely observe that nowhere in its brief or

its argument before this Court has the defendant-appellant asserted error in the trial court's dismissal of the counterclaim.

In view of the above, we ascertain the position of appellant to be that Burlington Northern breached a contractual obligation to furnish irrigation water in a timely fashion, and such is asserted by way of defense to Burlington Northern's claim for rent.

There is substantial evidence, albeit to some extent conflicting, upon which the jury could and obviously did find that Burlington Northern had not agreed to furnish the land with an irrigation system and deliver water thereto at any particular time (if at all). *See, e. g., Ryals v. Broadbent Development Co.*, 98 Idaho 392, 565 P.2d 982 (1977); *Werry v. Phillips Petroleum Co.*, 97 Idaho 130, 540 P.2d 792 (1975).

Hence, the verdict of the jury and the judgment entered thereon is sustained by the evidence and will not be disturbed on appeal. Affirmed.

DONALDSON, C. J., McFADDEN and BISTLINE, JJ., and SCOGGIN, J. Pro Tem, concur.