MAX SCHWARTZ, Appellant, *v.* SANTIAGO P. CAHILL, as Receiver of the HOUSTON RESTAURANT COMPANY, INCORPORATED, Respondent.

Lease — receiver's sale of lease of premises subject to rent due thereon — because purchaser of lease at such sale was landlord of premises does not preclude him from recovering from the receiver the rent for premises while occupied by the receiver.

1. A buyer is not to be charged as upon a covenant of assumption in the absence of words which fairly indicate an intention to make the debt his own.

2. Where a corporation which had leased a restaurant for a term of years became insolvent, owing its landlord for rent, and the receiver appointed in the proceedings to dissolve the corporation, after having possession of the premises for a time, sold the lease, with the fixtures and the good will of the business, at public auction, subject to rent due on the lease, and the lease was purchased by the landlord, he did not, by taking an assignment of the lease "subject" to the existing claim for rent, assume the obligation of payment. He is not precluded, therefore, from maintaining an action against the receiver for the rent which accrued while the premises were in his possession as such, and it was reversible error for the Appellate Division to dismiss the complaint upon the ground that the acceptance of the bill of sale subject to the landlord's claim imposed upon

the purchaser the duty to pay the rent, and that, since the purchaser is the landlord, the claim has thus been canceled. (*Dingeldein* v. *Third Ave. R. R. Co.*, 37 N. Y. 575, distinguished.)

*Schwartz* v. *Cahill*, ... App. Div. 68, reversed.

(Argued January 11, 1917; decided February 27, 1917.)

APPEAL, by permission, from a judgment, entered November 27, 1916, upon an order of the Appellate Division of the Supreme Court in the first judicial department, which reversed a determination of the Appellate Term affirming a judgment of the City Court of the city of New York in favor of plaintiff, entered upon a verdict directed by the court and directed a dismissal of the complaint.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Chauncey E. Treadwell* and *Joseph T. Green* for appellant. This case must be decided upon the language of the bill of sale, and the terms of sale were incompetent and were properly excluded. (*House* v. *Walch*, 144 N. Y. 418; *Dady* v. *O'Rourke*, 172 N. Y. 447.) Construing the sale of the receiver by the written bill of sale in evidence, the sale of the unexpired term of the lease " subject to the claim " of the landlord for back rent, did not make the purchaser personally liable for such rent, nor did the purchaser release the receiver or the corporation from the liability for rent due and owing at the time of the sale. (*Duryea* v. *Loheke*, 136 App. Div. 555; 202 N. Y. 562; *Collins* v. *Rowe*, 1 Abb. [N. C.] 97, 99; *Knickerbocker Ins. Co.* v. *Nelson*, 78 N. Y. 137; *Shepherd* v. *May*, 115 U. S. 510; *Harris* v. *Graham*, 90 Hun. 198; *Smith* v. *Connell*, 111 N. Y. 554; *Farley* v. *Manhattan Ry. Co.*, 117 App. Div. 248.) The trial court did not err in rejecting proof of the extraneous circumstances surrounding the sale of October 29, 1915. (*King* v. *Hudson River Realty Co.*, 210 N. Y. 467; *Allan* v. *City of Oneida*, 210 N. Y. 496; *Anguish* v. *Blair*, 160 App. Div. 52; 216 N. Y. 746; *Standard Milling Co.* v. *De Pass*,

154 App. Div. 525; *Gardiner* v. *Bronx Nat. Bank*, 158 App. Div. 288; *Borough Development Co.* v. *Harmon*, 154 App. Div. 689.)

*John Delahunty* and *John J. Kirby* for respondent. The language of the bill of sale and the terms of sale clearly show that it was a condition of the sale of the assets purchased by plaintiff, and a part of the agreement of sale, that the purchaser should pay $4,219.07, the amount of rent due the landlord from the Houston Restaurant Company, Inc., and the receiver. (*Thorp* v. *Monroe*, 47 Hun, 246; *Bredell* v. *F. G. R. E. Co.*, 95 Mo. App. 676; *Dingeldein* v. *T. A. R. R. Co.*, 37 N. Y. 575; *Minor* v. *Terry*, 6 How. Pr. 208.) The trial court erred in rejecting proof offered by defendant of the circumstances surrounding the sale, to ascertain the sense in which the words "subject to the claim of Max Schwartz," etc., were used in the bill and terms of sale, and to aid in the interpretation of said written instruments. (*Hutchinson* v. *Root*, 2 App. Div. 584; 158 N. Y. 681; *Maloney* v. *Iroquois Brewing Co.*, 173 N. Y. 310; *Trustees of Southampton* v. *Jessup*, 173 N. Y. 90; *Wysong* v. *Meyer*, 58 App. Div. 424; *State Bank* v. *Lighthall*, 46 App. Div. 400; *Field* v. *Munson*, 47 N. Y. 221; *Kenyon* v. *K. T. & M. M. A. Assn.*, 122 N. Y. 258; *Farr* v. *Nichols*, 132 N. Y. 327; *Merrill* v. *Cooper*, 36 Vt. 14.)

CARDOZO, J. The plaintiff leased a restaurant in the city of New York to the Houston Restaurant Company for a term of years. In September, 1915, the lessee corporation became insolvent; proceedings to dissolve it were begun; and the defendant was appointed receiver. At that time the arrears of rent were $2,711.30. The receiver remained in possession from September 24, 1915, to October 29, 1915, and the rent for the period of his possession is $1,508.67. When this is added to the rent due at the time of his appointment, the total is $4,219.97.

On October 29, 1915, the lease, with the fixtures and the good will of the business, was sold by the receiver at public auction. The purchaser was the landlord, the present plaintiff. His bid was $1,500, which he paid to the receiver in cash. Summary proceedings to disposess the tenant were pending at that time. The terms of sale state that the lease is sold "subject to the amount of rent," $4,219.97, "due to the landlord," and also to a mortgage to a brewery. The bill of sale, executed some days later, expresses the same thought in slightly different words: "Said lease is sold and conveyed by me as temporary receiver, subject to the assignment, heretofore made by the said Houston Restaurant Co., Inc., to the Ferdinand Munch Brewery, as collateral security, for the said loan of Six thousand ($6,000.00) Dollars, made by the said Brewery, to the said Houston Restaurant Co., Inc., upon which loan, a balance of Five thousand One hundred and Ninety ($5,190.00) Dollars is now due and owing, as above stated, and said lease is also sold and conveyed by me, as temporary receiver, subject to the claim of said Max Schwartz, Esq., as Landlord, for rent due and owing him, under and by virtue of the provisions of said lease, up to and including the 29th day of October, 1915, amounting to the sum of Four thousand Two hundred and nineteen and 97/100 ($4,219.97) Dollars."

This action is brought by the landlord to recover $1,508.67, the value of the use and occupation, at the rate fixed by the lease, during the period of the receiver's possession. The rent due at the time of the receiver's appointment is not included. As to that the landlord must share, proportionately with other creditors, on a distribution of the assets. Rent during the receiver's possession stands, however, on a different basis (*Woodruff* v. *Erie Ry. Co.*, 93 N. Y. 609, 624; *Prince* v. *Schlesinger*, 116 App. Div. 500; 190 N. Y. 546). That this is so in the absence of some agreement to the contrary, the receiver concedes. His defense is that the acceptance of

12

a bill of sale subject to the landlord's claim imposed upon the purchaser the duty to pay the rent, and that since the purchaser is the landlord, the claim has thus been canceled. The City Court and the Appellate Term held the defense untenable, but the Appellate Division sustained it, and dismissed the complaint upon the merits.

In that judgment we find ourselves unable to concur. The Appellate Division concedes in its opinion that its construction of the bill of sale is doubtful, and we think it is unsound. By taking an assignment of the lease, " subject " to the existing claim for rent, the purchaser did not assume the obligation of payment (*Belmont* v. *Coman,* 22 N. Y. 438; *Smith* v. *Cornell,* 111 N. Y. 554, 558; *Duryea* v. *Lohrke,* 136 App. Div. 555; 202 N. Y. 562). He did not assume the rent any more than he assumed the mortgage. The argument is made that the rent, unlike the mortgage, was not a lien upon the lease, and that there was no reason for mentioning it unless the purchaser was bound to pay it. But in truth there was every reason for mentioning it. Summary proceedings to terminate the lease were pending, and the warrant was to issue the next day. The receiver would have acted unfairly to bidders, and would have invited complaint and litigation, if he had concealed the extent of the arrears. By the terms of sale and the assignment which followed, the purchaser had warning of the situation, knew that his title was defeasible, and took his chances. That the purchaser was also the landlord is, of course, a mere accident. To test his obligation we must view him as any stranger. We cannot see that a stranger buying at this sale would have come under any legal duty to pay the arrears of rent. He might, as a business proposition, have had to do so in order to preserve the value of his investment, but that is another question. One who buys land subject to a mortgage may face a like necessity. It was not certain even as a business proposition that a buyer of this lease, who refused to pay the

arrears, would forfeit his investment. It was possible that the landlord might prefer to keep the lease alive for the sake of gaining a good tenant, and look to the old tenant for the rent then due. All these chances were to be weighed by bidders. What is certain, we think, is that the landlord could not have held the purchaser under such a bill of sale as upon a covenant of assumption. If the rent during the receiver's possession was assumed, the rent due before the receivership must also have been assumed. The landlord in that view could have held the purchaser personally bound to the payment of $4,219.97. We find nothing in the contract that points to such a purpose. *Dingeldein* v. *Third Ave. R. R. Co.* (37 N. Y. 575) is cited to us, but we think it is inapplicable. There the transfer was made subject to " the payment " of a debt, and the debt was of such a nature that unless the purchaser was to pay it there was no reason for mentioning it. It did not threaten the continued existence of the subject-matter of the sale. Here the unpaid rent, with the pending summary proceedings, made the rights of the purchaser presently defeasible, and menaced the very life of the lease. We think the true aim both of the terms of sale and of the assignment was to warn prospective purchasers of the existing situation. The language is apt for that purpose. It is inapt for any other. A buyer is not to be charged as upon a covenant of assumption in the absence of words which fairly indicate an intention to make the debt his own.

No error was committed by the trial court in excluding oral evidence designed to vary the bill of sale. The contract must be enforced according to its terms.

The judgment of the Appellate Division should be reversed, and that of the Appellate Term affirmed, with costs in the Appellate Division and in this court.

HISCOCK, Ch. J., CHASE, COLLIN, CUDDEBACK, HOGAN and POUND, JJ., concur.

Judgment reversed, etc.