In the Matter of the Accounting of FRANCIS J. OAKES, JR., Individually and as Executor of FRANCIS J. OAKES, Deceased, Appellant.

AGNES T. WISE et al., Respondents.

**Decedent's estate — Federal estate tax — gift — Federal estate tax laid upon transfer of estate as whole including gifts to take effect at death — tax to be computed according to net value of aggregate — shares of stock placed in escrow to be delivered after death of owner to his son when State and National taxes thereon are paid — Federal estate tax properly paid by executor out of residuary estate.**

1. The Federal estate tax is laid upon the transfer of the estate as a whole, and, primarily at least, is a charge upon the residue. Gifts in contemplation of death or to take effect upon death, though made by separate instruments, are for that purpose to be consolidated with those passing under the will, and the tax payable by the executor is to be computed according to the net value of the aggregate.

2. Where, therefore, an owner of shares of stock delivers them with a writing stating that they are to be held in escrow and on his death . delivered to his son " subject to all state and national taxes thereon being paid " and upon the same day executes his will, confirming the delivery in escrow, " upon the conditions stated in the paper," upon the death of the donor, the Federal estate tax on the transfer of the shares is properly payable by his executor out of the residuary estate. The incidence of the burden of the tax as between the donee of the shares and the ¯egatees of the residuary estate is unmistakably fixed by the statute (40 Stat. 1096, 1100, ch. 18, § 408) and has not been modified by the will. The terms of the escrow do not impose a lien nor create a liability, nor does it say by whom the tax is to be paid, and the donee did not assent, by the mere acceptance of the gift to a shifting of the burden.

*Matter of Oakes,* 220 App. Div. 758, reversed.

(Argued April 12, 1928; decided May 29, 1928.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the first judicial department, entered June 2, 1927, unanimously affirming so much of a decree of the New York County Surrogate's

Court as surcharged the account of the executor of Francis J. Oakes, deceased, with the amount of the Federal estate tax on 1,510 shares of the capital stock of the Oakes Manufacturing Company, with interest thereon.

*Archibald R. Watson* and *John Lehman* for appellant. The Federal estate tax on the 1,510 shares of stock was a liability of the residuary estate and not of the accountant individually as the recipient of those shares. (*Farmers' L. & T. Co.* v. *Winthrop*, 238 N. Y. 488; *Matter of Hamlin*, 226 N. Y. 407; *Young Men's Christian Assn.* v. *Davis*, 264 U. S. 47; *Wallace* v. *Wallace*, 216 N. Y. 28; *Doheny* v. *Lacy*, 168 N. Y. 213; *Rosseau* v. *Bleau*, 131 N. Y. 177; *Baxter* v. *Baxter*, 92 Misc. Rep. 567; *Bartlett* v. *Bunn*, 56 Hun, 508; *Martin* v. *Platt*, 51 Hun, 429; *Hurlburt* v. *Hurlburt*, 128 N. Y. 420.)

*H. Lewis Brown* and *Charles S. Day, Jr.*, for respondents. The payment of the Federal estate tax by the beneficiary of the 1,510 shares was clearly required by the trust instrument and the will of the decedent and the action of the surrogate and the Appellate Division in respect thereto was correct and should be affirmed. (*Farmers' Loan & Trust Co.* v. *Winthrop*, 238 N. Y. 488; *Jumel* v. *Jumel*, 7 Paige, 591; *Purdy* v. *Coar*, 109 N. Y. 448; *A. & S. Elec. R. Co.* v. *Hoadley*, 195 N. Y. Supp. 517; 198 N. Y. Supp. 899; *Schwartz* v. *Cahill*, 220 N. Y. 174; *Dingeldein* v. *Third Ave. R. R. Co.*, 37 N. Y. 575.)

CARDOZO, Ch. J.   Francis J. Oakes, the owner of 1,510 shares of stock of the Oakes Manufacturing Company, made delivery of his certificates to be held in escrow for the benefit of his son. Delivery was accompanied by a writing which described the conditions of the escrow as follows:

" I, Francis J. Oakes, hereby deliver irrevocably the certificates of stock of the Oakes Manufacturing Company owned by me for 1,510 shares of the stock of said company,

to John D. Kernan and Archibald R. Watson in escrow, to be delivered by them or the survivor of them upon my death to my son Francis J. Oakes, Jr., subject to all state and national taxes thereon being paid, and said Kernan and Watson, or the survivor of them, being fully indemnified and protected against the same."

If the son died before the father, the certificates were to be held upon other conditions which it is unnecessary to state. The donor retained the right to vote upon the stock, and to enjoy its profits and dividends, during life. A will, executed the same day, confirmed the delivery in escrow upon the conditions stated in the writing, and bequeathed to the son " any right, title and interest in and to the stock in said company that I may have and which is not otherwise effectually disposed of."

Upon the death of Oakes, Sr., the executor, Francis J. Oakes, Jr., paid out of his own moneys the tax assessed upon the transfer of the shares under the statutes of New York. He paid out of the residuary estate the tax due upon the transfer of the shares under the revenue act of Congress. The New York transfer tax is laid upon the transfer of the separate interests passing to the donees or legatees, and is payable by them severally in proportion to the value of the gifts. The Federal tax, on the contrary, is laid upon the transfer of the estate as a whole, and, primarily at least, is a charge upon the residue (*Matter of Hamlin*, 226 N. Y. 407). Gifts in contemplation of death or to take effect upon death, though made by separate instruments, are for that purpose to be consolidated with those passing under the will, and the tax payable by the executor is to be computed according to the net value of the aggregate (*Farmers Loan & Trust Co.* v. *Winthrop*, 238 N. Y. 488; *Y. M. C. A.* v. *Davis*, 264 U. S. 47). What is taxed is " not the interest to which some person succeeds on a death, but the interest which ceased by reason of death " (*Nichols* v. *Coolidge*, 274 U. S. 531, 537).

The question to be determined here is the incidence of the Federal tax as between the donee of the shares, who was also the executor, upon the one hand, and the legatees of the residuary estate, upon the other. There can be no doubt that the executor was justified in discharging the tax out of the residue unless the incidence of the burden has been changed by the conditions of the escrow. The surrogate (disapproving the report of a referee to the contrary) and the Appellate Division found that such a change had been wrought, and that the donee by the acceptance of the gift had assumed by implication the payment of the tax in exoneration of the residue. We hold a different view.

The command of the statute is explicit as to the incidence of the burden. " If the tax or any part thereof is paid by, or collected out of that part of the estate passing to or in the possession of, any person other than the executor in his capacity as such, such person shall be entitled to reimbursement out of any part of the estate still undistributed or by a just and equitable contribution by the persons whose interest in the estate of the decedent would have been reduced if the tax had been paid before the distribution. of the estate,    *    *    *    it being the purpose and intent of this title that so far as is practicable and unless otherwise directed by the will of the decedent the tax shall be paid out of the estate before its distribution " (40 Stat. 1096, 1100, c. 18, § 408, Revenue Act of Feb. 24, 1919; *Farmers Loan & Trust Co.* v. *Winthrop, supra,* p. 497). The incidence of the burden, thus fixed by the statute in terms so unmistakable, has not been modified by the will. We think the evidence is insufficient to give support to a finding that it has been modified by agreement.

The trustees were directed by the terms of the escrow to make delivery of the gift upon the death of the donor. If this had stood alone, they might have been involved in liability or the claim of liability to some agency of

government, State or Federal, as the result of a delivery without deduction of the tax. The absolute command was, therefore, qualified by the condition that delivery might be withheld until the tax had been paid and the trustees relieved of liability therefor. The escrow does not say by whom the tax is to be paid. It does not change the incidence of the burden as determined by the statute. As soon as the tax is paid by any one, whether the donee or another, the condition is fulfilled. Part of the burden was a State tax. For this the donee was liable, and presumably would pay it. So, in fact, he did. Part of the burden was the Federal tax. For this, the executor was liable and presumably would pay it. The terms of the escrow do not impose a lien nor create a liability. Liens and liabilities are to be measured by the law.

Analogies are invoked by the respondents from the law governing conveyances, but they point the other way. The rule is well settled that one who accepts a conveyance " subject " to a lien or claim does not assume by such acceptance the obligation to discharge the lien or satisfy the claim (*Schwartz* v. *Cahill*, 220 N. Y. 174, 178). He does not even estop himself from asserting that the lien or claim is without validity, unless the form of the conveyance is such that submission and recognition are impliedly exacted. Thus, a transfer subject to a described mortgage may preclude a grantee from contesting the existence of the mortgage lien (*Bennett* v. *Bates*, 94 N. Y. 354, 371). On the other hand, a transfer subject to " any and all liens and incumbrances thereon," without other definition, will leave the privilege of contest open (*Purdy* v. *Coar*, 109 N. Y. 448, 453). So here. If taxes, State or National, were specific charges on the gift, the donee acquired a title subordinate thereto. If taxes, State or National, were not specific charges on the gift, but primary charges on the residuary estate, the donee did not assent by the mere acceptance of the

gift to a shifting of the burden. Acceptance was submission to all existing liens. It was not a recognition and assumption of non-existing liens.

We have considered the documents themselves without reference to extrinsic evidence. Our reading of them brings us to the conclusion that the incidence of the burden has not been shifted from the estate to the donee. If this conclusion were to be rejected, however, the most that could fairly be said for the respondents is that the meaning is uncertain. In that event, extrinsic evidence may be used to explain the ambiguity. Resort to such evidence confirms our reading of the documents. The clause as to the taxes was inserted in the escrow upon the suggestion of one of the trustees that without it they might become involved in personal liability, and the donor was so informed.

We find nothing in the terms of the will that has a tendency to modify the construction of the deed. The will speaks, it is true, of the delivery of the shares " upon the conditions stated in the paper " signed by the testator. The conditions are not obligations laid on the donee. They are conditions of the escrow imposed on the trustees.

The order of the Appellate Division and the decree of the Surrogate's Court so far as appealed from should be reversed, and the proceeding remitted to the Surrogate's Court for the entry of a decree in accordance with this opinion.

POUND, CRANE, LEHMAN and O'BRIEN, JJ., concur; ANDREWS and KELLOGG, JJ., dissent.

Ordered accordingly.