■ WALTER SIEBEL et al., Doing Business as WALEX ASSOCIATES/WALEX, INC./NORTHERN MUSIC, Appellants, v TIMOTHY MCGRADY et al., Respondents.—Mikoll, J. Appeal from an order and judgment of the Supreme Court (Duskas, J.), entered March 16, 1990 in St. Lawrence County, which granted defendants' motions for summary judgment dismissing the complaint.

The issue before us distills to whether the lease in this case is sufficiently clear to relieve defendants from liability for fire damage as a matter of law. The pertinent facts are as follows. Plaintiffs, owners of a building housing a music store on the ground floor and apartments on the second and third floors, sued defendants for fire damages occurring on May 20, 1986 to plaintiffs' building and music business. Plaintiffs alleged that the fire was due to defendants' negligence. Plaintiffs' complaint contained two causes of action in negligence and a cause of action alleging entitlement to reimbursement for damages pursuant to the lease extant between the parties. The answer of defendant Timothy McGrady interposed the affirmative defense that, pursuant to the terms of the lease, he was not liable for damages to plaintiffs' property as a result of fire. Defendants then moved for summary judgment dismissing the complaint on the ground that the lease agreement relieved them of liability as a matter of law. Supreme Court granted defendants summary judgment and dismissed the complaint. This appeal ensued.

The pertinent provisions of the lease provide: "9. FOR INJURY

TO PROPERTY OR RIGHTS OF LANDLORDS caused by negligence or fault of tenant, his agents, family or guests, tenant agrees to reimburse landlords promptly in the amount of the loss. Tenant also specifically agrees to pay for repairs and service to plumbing when the plumbing trouble is caused by tenant, his family or guests. Tentant [sic] is not liable for damage from ordinary wear and deterioration, from reasonable use or from fire or act of God. * * * 12. IN CASE OF DAMAGE BY FIRE OR ACT OF GOD, tenant shall notify owner immediately, and owner shall repair the damages with reasonable promptness or, if the premises are deemed by the landlords to be damaged so much as to be unfit for occupancy, the lease shall terminate." The law to be applied in determining the question presented is settled. "The objective in any question of the interpretation of a written contract, of course, is to determine 'what is the intention of the parties as derived from the language employed' (4 Williston, Contracts [3d ed.], § 600, p. 280). At the same time the test on a motion for summary judgment is whether there are issues of fact properly to be resolved by a jury (CPLR 3212, subd. [b]). In general the courts have declared on countless occasions that it is the responsibility of the court to interpret written instruments (Williston, op. cit., § 601, p. 303). This is obviously so where there is no ambiguity" *(Hartford Acc. & Indem. Co. v Wesolowski,* 33 NY2d 169, 171-172). Where, as here, the ambiguity is to be determined without reference to extrinsic evidence, the issue is to be determined as a matter of law by the court *(supra,* at 172; *see also, Mallad Constr. Corp. v County Fed. Sav. & Loan Assn.,* 32 NY2d 285, 290-291).

In interpreting the instant contract the words employed in the agreement must be given their plain meaning *(see, Central N. Y. Freightways v Deperno,* 60 AD2d 750, 751). The agreement is to be construed "to accord a meaning and purpose to each of its parts" *(Graphic Scanning Corp. v Citibank N.A.,* 116 AD2d 22, 25). "An interpretation which renders a clause absolutely meaningless should be avoided" *(supra; see, Spaulding v Benenati,* 57 NY2d 418, 425; *Laba v Carey,* 29 NY2d 302, 308; *Muzak Corp. v Hotel Taft Corp.,* 1 NY2d 42, 46). Applying these principles to the agreement *sub judice,* the exculpation from liability for fire in the last sentence of paragraph No. 9 should be given its ordinary meaning. To do otherwise would render the exculpation meaningless. Moreover, reading that paragraph as a whole, its first sentence makes tenants responsible for injury to the landlord's property due to tenants' negligence. The second sentence explicitly states that tenants

are liable for plumbing damage when the plumbing trouble is caused by tenants. As liability for plumbing trouble caused by the tenants' negligence is treated separately from negligence covered in the first sentence, so also is exemption from liability for fire in the last sentence. The order and judgment of Supreme Court granting summary judgment dismissing the complaint should therefore be affirmed.

Order and judgment affirmed, with costs. Weiss, J. P., Mikoll, Yesawich, Jr., Levine and Mercure, JJ., concur.