[638 NYS2d 973]

In the Matter of COUNTY OF ALBANY et al., Plaintiffs, v ALBANY COUNTY INDUSTRIAL DEVELOPMENT AGENCY, Defendant and Third-Party Plaintiff-Respondent. EXCHANGE STREET ASSOCIATES, Third-Party Defendant-Appellant.

Third Department, March 7, 1996

APPEARANCES OF COUNSEL

*Ganz & Wolkenbreit,* Albany *(Robert E. Ganz* of counsel), for third-party defendant-appellant.

*Michael C. Lynch,* Albany, for defendant and third-party plaintiff-respondent.

**OPINION OF THE COURT**

CASEY, J.

At issue in this appeal is whether Supreme Court erred in concluding that third-party defendant, as the assignee of a lease-purchase agreement, is responsible for payment of certain delinquent water, sewer and fire charges imposed on real property owned by third-party plaintiff. We conclude that, as a matter of law, third-party defendant is not responsible for the charges, either contractually or under common law. Supreme Court's judgment should, therefore, be reversed.

Third-party plaintiff acquired the subject premises, the former Tobin Packing Plant in the Town of Colonie, Albany County, in 1983 and entered into a 15-year lease-purchase agreement with McNar Industries. McNar thereafter lost its interest in the property in a leasehold mortgage foreclosure action. Third-party defendant purchased the leasehold interest in the property from the mortgagee in 1987 pursuant to an assignment of the lease-purchase agreement. Water, sewer and fire charges imposed on the property by plaintiff Town of Colonie on behalf of the relevant special districts remain unpaid since 1983, resulting in more than $130,000 in liens against the property. Plaintiff County of Albany purchased the liens and commenced an in rem action pursuant to the Uniform Delinquent Tax Enforcement Act (RPTL art 11). Third-party plaintiff, as owner of the property, commenced a third-party action against third-party defendant seeking, *inter alia*, indemnification and/or contribution from third-party defendant with regard to the delinquent water, sewer and fire charges. The parties to the third-party action moved for summary judgment and Supreme Court granted summary judgment to third-party plaintiff, concluding that as between the

two parties, third-party defendant was responsible for payment of the delinquent charges.

Supreme Court based its conclusion that third-party defendant is liable for the delinquent charges upon the provision of the assignment of the lease-purchase agreement which made the assignment "subject to * * * all taxes, assessments, water and sewer rents which are a lien upon the premises". In so concluding, Supreme Court ignored the well-settled rule "that one who accepts a conveyance 'subject' to a lien or claim does not assume by such acceptance the obligation to discharge the lien or satisfy the claim" (*Matter of Oakes*, 248 NY 280, 284 [Cardozo, Ch. J.]; *see*, 2 Rasch, New York Law and Practice of Real Property § 24:87, at 838 [2d ed]). In *Rogers v Niforatos* (57 AD2d 984, 986), this Court held that the words "subject to" in a contract were not entirely free from ambiguity, but in so doing we noted that there were peculiar facts surrounding the execution of the contract and the subject matter involved common stock, not realty. The record in this case reveals no basis for not applying the well-settled rule concerning conveyances of realty subject to a lien or claim.

In contrast to the provision which made the assignment "subject to" all taxes, assessments, water and sewer rents which are a lien upon the premises, the assignment expressly provides that third-party defendant "agrees to assume" the terms and conditions of the lease-purchase agreement. By using both the terms "subject to" and "assume" in the assignment, the parties to the assignment clearly acknowledged the different legal significance of those terms with regard to the assignee's personal liability (*cf., American Express Bank v Uniroyal, Inc.*, 164 AD2d 275, 278-279, *lv denied* 77 NY2d 807). It is clear, therefore, that, as a matter of law, the assignment imposed no personal liability on third-party defendant for the water, sewer and fire charges at issue in this action.

As a result of third-party defendant's assumption of the obligations imposed by the lease-purchase agreement, it must be determined whether that agreement creates any personal liability in the lessee for the charges at issue. In addition to rent, the agreement expressly imposes upon the lessee only the obligation to pay utility charges. The charges at issue here, however, are based not upon usage but upon the assessed value of the property and, therefore, are taxes (*see, State Univ. v Patterson*, 42 AD2d 328, 329; *see also, Watergate II Apts. v Buffalo Sewer Auth.*, 46 NY2d 52, 58). With regard to taxes, the agreement refers only to real property and school taxes, from

which the lessor (third-party plaintiff) warrants that the property is exempt and which the lessor agrees to pay if the property is not exempt. Third-party plaintiff correctly argues that the charges at issue here are in the nature of special taxes not encompassed by the express provision in the agreement (*compare*, RPTL 102 [20], *with* RPTL 102 [14]), an argument which third-party defendant does not dispute. It is clear, therefore, that the lease-purchase agreement contains no express provision which governs the parties' liability for the charges at issue.

Based upon the foregoing analysis, it is our view that the liability issue must be resolved not on the basis of any specific provision of either the assignment or the lease-purchase agreement, but on the basis of the relationship between the parties created by the instruments. Third-party defendant contends that it is a tenant and, therefore, pursuant to well-settled principles, cannot be liable for any taxes, including the charges at issue, absent a provision imposing such liability in the lease (*see*, *Atria Assocs. v County of Nassau*, 181 AD2d 847, 850-851). Third-party plaintiff contends that third-party defendant is not a mere tenant. Because the agreement provides not only for the lessee's possession of the premises for a term of years, but also for the transfer of title to the premises to the lessee at the end of that term, third-party plaintiff contends that third-party defendant is a contract vendee in possession. There is authority for the general rule that a vendee in possession of real property under an executory contract of sale is regarded as the owner for purposes of taxation (*see*, *People ex rel. Donner-Union Coke Corp. v Burke*, 204 App Div 557, 559, *affd* 236 NY 650).

We conclude that, as a matter of law, third-party defendant's status is not that of a vendee in possession pursuant to an executory contract of sale. By executing the lease-purchase agreement, the original parties to that agreement clearly created a landlord and tenant relationship pending the closing of title, which is separate and distinct from the relationship of vendor and vendee in possession (*see*, 2 Rasch, New York Law and Practice of Real Property § 23:9, at 747-748 [2d ed]). The agreement is subject to no other interpretation than that the parties to the agreement intended that their rights and liabilities during the term of the lessee's possession prior to transfer of title be governed by the landlord and tenant relationship created by the agreement. It follows, therefore, that because the agreement contains no provision which imposes upon the lessee any obligation for the charges at issue, third-party plaintiff, as les-

sor, is not entitled to indemnification from the lessee upon payment of those charges. Pursuant to the assignment of the lease-purchase agreement, third-party defendant assumed no greater obligations than those imposed upon the original lessee and, therefore, as a matter of law, third-party plaintiff has no claim against third-party defendant for the charges at issue, which are solely the responsibility of third-party plaintiff, as lessor or landlord.

Assuming that there is an ambiguity in the written instruments, we would nevertheless grant summary judgment to third-party defendant. "[T]he existence of an ambiguity will not preclude summary judgment unless resolution of that ambiguity depends upon extrinsic evidence" (*Hudson-Port Ewen Assocs. v Chien Kuo*, 165 AD2d 301, 303, *affd* 78 NY2d 944). It is clear from the foregoing analysis that any ambiguity in this case can be resolved solely on the basis of the writings and well-settled principles of law, without resort to extrinsic evidence. In these circumstances, it is the responsibility of the court to interpret the written instruments (*see, Hartford Acc. & Indem. Co. v Wesolowski*, 33 NY2d 169, 172).

Supreme Court's judgment should, therefore, be reversed and the third-party complaint dismissed.

PETERS, J. (dissenting). I respectfully dissent.

The determinative issue on this appeal is whether the term "subject to" in the context of this agreement is ambiguous. As a question of law to be resolved by the trial court (*see, Pikul v Clough, Harbour & Assocs.*, 190 AD2d 932), I find that when such provision is read in the context of all provisions contained in both the assignment and the lease-purchase agreement incorporated therein, "reasonable minds could differ" (*supra*, at 933) as to the meaning of this term. The lease-purchase agreement provided, *inter alia*, that third-party plaintiff shall be responsible for any real property and school taxes imposed and that third-party defendant shall be responsible for "utility charges as they become due, including those for gas, electricity and telephone services". It further provided that third-party plaintiff would not "cause any lien, judgment or other encumbrance to be placed upon said property * * * other than the lien of any mortgage presently in existence". It detailed that "[t]he parties shall be bound by all existing easements, agreements, and encumbrances of record as of the date of this Agreement" and that third-party defendant "shall accept the buildings and improvements in their existing condition and state of repair".

While, at first, such terms appear clear, the ambiguity arises from that provision of the assignment which makes it "subject to" not just "all taxes, assessments, water and sewer rents which are a lien upon the premises", but also "the as-is condition of the underlying real property * * * covenants, restrictions and easements of record * * * any and all tenancies, possessory interests and/or leases affecting the premises which are the subject of the Lease-Purchase Agreement [as well as, *inter alia*] the terms and conditions of the Lease-Purchase Agreement, which, by acceptance of this Assignment, [third-party defendant] agrees to assume". These additional considerations which the assignment became "subject to" are explicitly included in the lease-purchase agreement as terms and conditions which third-party defendant agreed "to assume". Thus, had the "subject to" language simply referred to "all taxes, assessments, water and sewer rents which are a lien upon the premises", I would agree with the majority and the well-settled rule detailed in *Matter of Oakes* (248 NY 280, 284) that "one who accepts a conveyance 'subject' to a lien or claim does not assume by such acceptance the obligation to discharge the lien or satisfy the claim".

Mindful that the ambiguity of a term in a written contract does not necessarily preclude summary judgment (*see, Tracey Rd. Equip. v Village of Johnson City*, 174 AD2d 849, 851; *Siebel v McGrady*, 170 AD2d 906, 907, *lv denied* 78 NY2d 853), where, as here, the different meanings attributed to such term are reasonable and create a need to utilize extrinsic evidence, the issue becomes one of fact which is properly resolved by a jury (*see, Hartford Acc. & Indem. Co. v Wesolowski*, 33 NY2d 169; *Pikul v Clough, Harbour & Assocs., supra*; *Siebel v McGrady, supra*; *Rogers v Niforatos*, 57 AD2d 984). Accordingly, I would reverse the grant of summary judgment to third-party plaintiff and remit the matter to Supreme Court for trial.

MERCURE, J. P., WHITE and SPAIN, JJ., concur with CASEY, J.; PETERS, J., dissents in a separate opinion.

Ordered that the judgment is reversed, on the law, with costs, motion granted, cross motion denied, summary judgment awarded to third-party defendant and third-party complaint dismissed.