612 S.E.2d 727

**C. Dan JOYNER, Appellant,**

v.

**GREENVILLE HOTEL ASSOCIATES LIMITED PARTNERSHIP, Respondent.**

**No. 3975.**

Court of Appeals of South Carolina.

Submitted March 1, 2005.

Decided April 11, 2005.

Chris B. Roberts, of Greenville, for Appellant.

John A. Sowards, of Columbia, for Respondent.

BEATTY, J.:

C. Dan Joyner appeals the master-in-equity's order granting summary judgment to Greenville Hotel Associates Limited Partnership ("GHALP"). We affirm.[1]

## FACTS

The facts in the case are not disputed. Joyner owned property adjacent to a hotel in Greenville, South Carolina. He leased the property in 1971 to the Watkins, owners of the hotel, for use as an additional parking lot. The lease was for a period of forty years, limited rent to $750 per month, and provided that the lease was binding upon the Watkins' "respective heirs, executors, administrators, successors and assigns." The lease was amended in 1983, assigned to a subsequent owner of the hotel in 1995, and further assigned to a new owner, Stewart Mac Investments, LLC, in 1999. All of the assignments of the lease agreement were recorded with the deed to the hotel property. Stewart Mac Investments stopped paying rent in September 1999.

Stewart Mac Investments defaulted on the mortgage for the hotel with GHALP, and a foreclosure action was instituted in June 2000. The order granting the foreclosure noted that the property was "[t]ogether with all right, title and interest of the Mortgagor in and to that certain Lease executed by and between C. Dan Joyner, Lessor, and Robert L. Watkins and Tamara A. Watkins, Lessees...." GHALP purchased the hotel property, and the description of the property in the

---

1. Because oral argument would not aid the court in resolving the issues on appeal, we decide this case without oral argument pursuant to Rule 215, SCACR.

master's deed included the above-quoted language that the property included the right to or interest in the lease with Joyner.[2]  The master's deed also provided that the hotel property was purchased subject to a first mortgage with BB & T bank.  GHALP, however, never signed a lease assignment or lease agreement with Joyner.  GHALP never paid rent, or Stewart Mac Investments' arrears, to Joyner.

Joyner brought an action against GHALP for breach of the lease agreement, breach of the implied covenant of good faith and fair dealing, and for a declaratory judgment.  Joyner sought the unpaid rent, the arrearages allegedly assumed when GHALP obtained the property from Stewart Mac Investments, punitive damages for bad faith, and costs and attorney's fees.  GHALP answered, denying that it had assumed the lease when it obtained the property.

Both parties moved for summary judgment.  Citing the dissent in the mortgage assignment case of *Allgood v. Spearman*, 125 S.C. 131, 118 S.E. 189 (1923) as valid law, GHALP argued that although it bought the property subject to the lease agreement: a separate assignment agreement with Joyner was never signed; the extra parking lot was never used; GHALP chose not to pay the rent; and GHALP could not be held personally responsible for a lease agreement to which it was not a party.  The master-in-equity found that although the deed to GHALP indicated that it was taking the property subject to the lease with Joyner, the language "in no way personally obligated [GHALP] on the Lease."  The master found that GHALP never signed anything or "exhibited any conduct such as occupying the premises, making lease payments, et cetera, that would indicate any basis for the Court's imposing liability on it."  The master granted summary judgment to GHALP, denied summary judgment to Joyner, and Joyner's motion for reconsideration was denied.  This appeal followed.

## STANDARD OF REVIEW

Summary judgment is appropriate where there is no genuine issue of material fact and it is clear the moving party is

---

**2.**  The master later determined that this language meant that GHALP took the property "subject to" the lease agreement.  This finding is unappealed.

entitled to a judgment as a matter of law. Rule 56(c), SCRCP. If further inquiry into the facts is necessary to clarify application of the law, summary judgment is not appropriate. *Tupper v. Dorchester County*, 326 S.C. 318, 325, 487 S.E.2d 187, 191 (1997). "Summary judgment should not be granted even when there is no dispute as to evidentiary facts if there is dispute as to the conclusion to be drawn from those facts." *Id.* The evidence and the inferences therefrom must be viewed in a light most favorable to the non-moving party. *Id.*

## LAW/ANALYSIS

Joyner argues the master erroneously relied upon the dissent in *Allgood v. Spearman*, 125 S.C. 131, 118 S.E. 189 (1923), and the "flawed arguments of counsel" in granting summary judgment to GHALP. Joyner asserts that the lease agreement was binding upon GHALP because: (1) the lease agreement provided it was binding upon the successors at interest; and (2) the property description in the GHALP's deed described the property as subject to the lease agreement. Thus, Joyner argues, summary judgment should have been granted to Joyner, not GHALP.[3]

Although we can find no cases directly on point, GHALP cited *Allgood* as similar to the present case. In *Allgood*, W.D. Spearman signed five promissory notes to E.F. Allgood for $5,203.87 each and secured by a mortgage on four tracts of land owned by Spearman. Spearman later sold the land to R.B. Sheck, and then Spearman defaulted on the mortgage. When Allgood attempted to foreclose on the property, Spearman asserted that Sheck assumed the obligation for the mortgage when he purchased the property. The *Allgood* court affirmed the circuit court's holding that Sheck assumed the debt when he purchased the land:

"There can be no doubt at this day that where the purchaser of land encumbered by a mortgage agrees to pay a

---

3. It is well-settled that the denial of a motion for summary judgment is not appealable. *Olson v. Faculty House of Carolina, Inc.*, 354 S.C. 161, 168, 580 S.E.2d 440, 444 (2003). Thus we decline to address Joyners argument that the master erred by failing to grant him summary judgment.

particular sum as purchase money, and on the execution of the contract of purchase the amount of the mortgage is deducted from the consideration, and the land conveyed subject to the mortgage, that the purchaser is bound to pay the mortgage debt, whether he agreed to do so by express words or not. This obligation results necessarily from the very nature of the transaction. Having accepted the land subject to the mortgage, and kept back enough of the vendor's money to pay it, it is only common honesty that he should be required either to pay the mortgage or stand primarily liable for it."

*Allgood,* 125 S.C. at 134, 118 S.E. at 189 (quoting *Dargan v. McSween,* 33 S.C. 324, 11 S.E. 1077, (1890)). The dissenting judge in *Allgood* disagreed, citing treatises to the effect that: " 'In the absence of a special agreement to assume the mortgage or words in the grant importing in some form that he assumes the payment of it, the purchaser is not personally liable for it.' " *Id.* at 138, 118 S.E. at 191 (quoting 1 Jones Mtg. (6th Ed.), 750).

The fact that GHALP bought the property subject to the lease is not disputed. The only question is whether GHALP may be bound by that language in the lease and be held personally liable. Although the majority opinion in *Allgood* appears to have implied an assumption of the debt by the purchaser, the present situation is clearly different from the one in *Allgood.* In *Allgood* the mortgage encumbered the purchased property and the purchaser deducted the mortgage balance from the purchase price. The lease in question was not an encumbrance on the hotel property that GHALP purchased; the lease involved an adjacent parcel.

The lease was a contract between the Watkins and Joyner, and later, between Joyner and subsequent owners who agreed to accept assignment of the lease. The lease provided that it would be effective upon the lessee's heirs and assigns. However, GHALP did not expressly or impliedly assume the lease. GHALP did not assume the lease by merely accepting the property subject to the contract between Joyner and the Watkins' assignees. "One who accepts a conveyance subject to a lien or claim does not assume by such acceptance the obligation to discharge the lien or satisfy the

claim." 77 Am.Jur.2d *Vendor and Purchaser* § 406 (1997); *see County of Albany v. Albany County Indus. Dev. Agency,* 218 A.D.2d 435, 437, 638 N.Y.S.2d 973 (N.Y.App.Div.1996) (noting the well-settled rule that one who accepts a conveyance "subject to" a lien or claim does not assume by such acceptance the obligation to discharge the lien or satisfy the claim). Absent an indication from GHALP that it agreed to be bound to the lease with Joyner, such as signing an assignment or exercising the duties and rights under the lease, GHALP has no legal obligation to Joyner. Without a contract between the parties, expressed or implied, the relationship of landlord and tenant cannot exist. *Stewart–Jones Co. v. Shehan,* 127 S.C. 451, 457, 121 S.E. 374, 376 (1924).

Even viewing the evidence in the light most favorable to Joyner, nothing indicates GHALP separately agreed to be bound by the lease when it purchased the hotel property. Accordingly, the master-in-equity's order granting summary judgment to GHALP is

**AFFIRMED.**

ANDERSON, and SHORT, JJ., concur.