■ CELLUTECH, INC., et al., Appellants, v WATERTOWN INDUS-TRIAL CENTER LOCAL DEVELOPMENT CORPORATION et al., Respondents. (Appeal No. 1.) [837 NYS2d 891]—Appeals from an order of the Supreme Court, Jefferson County (Hugh A. Gilbert, J.), dated April 4, 2006. The order denied plaintiffs' motion for judgment notwithstanding the verdict or, alternatively, for a new trial.

Appeals from a judgment of the Supreme Court, Jefferson County (Hugh A. Gilbert, J.), entered May 11, 2006. The judgment, upon a jury verdict of no cause of action, dismissed the complaint and amended complaint and counterclaims.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously modified on the law by granting the posttrial motion in part, setting aside the verdict in part, reinstating the breach of contract causes of action and the negligence cause of action and claim against defendant Watertown Industrial Center Local Development Corporation,

granting plaintiffs Cellutech, Inc. and Utica Mutual Insurance Company judgment on liability on the breach of contract causes of action and granting plaintiffs judgment on liability on the negligence cause of action and claim and as modified the judgment is affirmed without costs, and a new trial is granted on damages on the breach of contract causes of action and on comparative negligence and damages on the negligence cause of action and claim.

Memorandum: Plaintiffs commenced this consolidated action seeking damages resulting from a fire that destroyed a building and its contents. The building was leased by plaintiff Cellutech, Inc. (Cellutech) from defendant Watertown Industrial Center Local Development Corporation (WIC) and owned by defendant Jefferson County Industrial Development Agency (JCIDA). At the time of the fire, the sprinkler system protecting the building was turned off and the water connection was not intact. The trial transcript reflects that the jury found that WIC did not breach its lease with Cellutech "with respect to the maintenance of the sprinkler system" and that neither defendant was negligent. Supreme Court denied plaintiffs' motion for judgment notwithstanding the verdict or, alternatively, for a new trial.

The only provision in the lease relevant to maintenance is found in paragraph six, section (c), which provides that "Landlord shall maintain at its cost the roof, exterior walls, and windows of the Demised Premises, as well as all common areas (including lavatories), parking areas, driveways, and utility systems servicing the Demised Premises." At trial, Cellutech's owner testified that he believed that the utility systems mentioned in paragraph six, section (c) included the sprinkler system. The former owner of the building, the former site manager for WIC, and the current site manager for WIC did not testify that the maintenance of the sprinkler system was the responsibility of Cellutech. In addition, the controls for the sprinkler system were located outside of the leased premises. No testimony was offered indicating that there were any discussions contemporaneous with the execution of the lease with respect to the meaning of paragraph six, section (c).

Where, as here, the contested lease provision is ambiguous and no extrinsic evidence was offered with respect to its meaning, "it is the responsibility of the court to interpret the written instrument[ ]" (*Matter of County of Albany v Albany County Indus. Dev. Agency*, 218 AD2d 435, 439 [1996], *lv denied* 88 NY2d 808 [1996]). Because there was no extrinsic evidence from which the jury could find that the lease should be interpreted in

favor of WIC, which drafted the lease, the court should have granted in part plaintiffs' posttrial motion insofar as it sought judgment notwithstanding the verdict in favor of plaintiffs against WIC as a matter of law (*see generally Tri Town Antlers Found. v Fireman's Fund Ins. Co.*, 158 AD2d 908, 909 [1990], *affd* 76 NY2d 841 [1990]). There was no evidence presented at trial establishing that maintenance of the sprinkler system was the responsibility of Cellutech. We thus conclude that Cellutech and plaintiff Utica Mutual Insurance Company, its subrogee, were entitled to judgment on liability on the causes of action against WIC for breach of contract and that plaintiffs were entitled to judgment on liability on the cause of action and claim against WIC for negligence. We therefore modify the judgment accordingly, and we grant a new trial on damages on the breach of contract causes of action and on comparative negligence and damages on the negligence cause of action and claim.

We further conclude, however, that the complaint and amended complaint were properly dismissed against JCIDA inasmuch as the jury's verdict is supported by the weight of the evidence (*see* CPLR 4404 [a]). Present—Hurlbutt, J.P., Gorski, Smith, Lunn and Pine, JJ.